May Term,
1860.

SMITH
v.
DOGGETT.

---

SMITH and Others *v.* DOGGETT and Others.—Two Cases.

SMITH *v.* ROWE and Others.—Two Cases.

SMITH and Others *v.* SAVAGE and Others.

SMITH *v.* SATTERLEE and Others.

The statute authorizing the practice of entering and enforcing the collection of judgments without valuation or appraisement, is not unconstitutional.

Monday,
June 11.

APPEAL from the *Lake* Court of Common Pleas.

WORDEN, J.—Action by the appellees against the appellant upon promissory notes waiving the benefit of valuation and appraisement laws. Judgment was rendered for the plaintiffs in accordance with the terms of the notes, and the only question raised in the case is in reference to the constitutionality of the statutes authorizing the rendition of judgments to be collected without appraisement, upon promissory notes waiving such appraisement.

The 15th section of the act concerning promissory notes and bills of exchange (1 R. S. p. 379), provides that "upon any instrument of writing, made within this state or elsewhere, containing a promise to pay money without relief

from valuation laws, judgment shall be rendered, and execution had, accordingly." This section, so far as it relates to instruments other than bills of exchange and promissory notes, may be void, such other instruments not being embraced in the title of the act. *Mewherter* v. *Price*, 11 Ind. R. 199. But this objection does not exist here, as the suit was instituted upon promissory notes. By § 381 of the code, it is provided that "when a judgment is to be executed without any relief from appraisement laws, it shall be so ordered in the judgment."

It is submitted by counsel for the appellant that the law authorizing the practice of entering and enforcing the collection of judgments without valuation or appraisement laws, is unconstitutional and void—

1. Because it is a conditional law, of no force and effect without the consent of the party affected thereby.

2. Because it is a special law regulating the practice of Courts of justice in particular cases.

3. Because it is a special law, made in a case where a general law of uniform operation throughout the state can be easily made."

The force of the first objection thus made is not perceived. There is no condition whatever attached to the taking effect of the law. The law is in force as to all persons, although a particular individual may never execute a note waiving appraisement laws. To be sure, if he never execute such a note, the law can never affect him. So if he never contract a debt, the laws for the collection of debts can never affect him. The taking effect of the law does not depend upon the volition of a party to a note, in any sense whatever; but whether he will execute a note within the terms of the law, depends upon his consent. If he execute such note, the law, already in force, operates upon it, and requires judgment to be rendered in accordance with its terms.

The second and third objections may be considered together. By the 22d and 23d sections of art. 4 of the constitution, it is provided that no local or special laws shall be passed regulating the practice in Courts of justice; and

that where a general law can be made applicable, all laws shall be general and of uniform operation throughout the state.

The laws in question seem to be neither local nor special, but, on the contrary, they are general, and of uniform operation. They operate throughout the state upon the class of contracts provided for. They do not operate upon all contracts, neither is it necessary that they should, in order to be general and of uniform operation. As well might it be urged that a law punishing felonious homicide by hanging, would be invalid because it required a different judgment from that inflicted for other crimes. We perceive no error in the case.

*Per Curiam.*—The judgment is affirmed with costs.

*A. McDonald*, for the appellants.

*J. Bradley* and *D. J. Woodward*, for the appellees.