*O. P. Morton* and *W A. Bickle*, for appellees.

---

### The City of Indianapolis *v.* Mansur.

On *July* 10, 1858, a petition for the improvement of a certain street in the city of *Indianapolis*, was presented to the Common Council, and the work ordered to be done, two-thirds of the members voting affirmatively; the appellee, being the owner of property abutting on said street, and failing to pay the amount estimated to be due from him to the contractor, a precept was issued against him, and he appealed to the Common Pleas Court;

and there pleaded, that the owners of two-thirds of the whole line of lots, &c., had not petitioned for said improvement. Reply, that two-thirds of the council voted for the ordinance requiring the improvement to be made.

*Held,* that two-thirds of the council having voted for the ordinance, it was binding, although the proceedings on the petition may not have conformed to the provisions of the statute.

*Held,* also, that the improvements named in § 66, of the act of *March* 9, 1857 (Acts 1857, p. 63), are so referred to, and treated of, in § 67, that the reference in § 68, to the "improvements mentioned in the preceding section," will legitimately embrace the improvements ordered by the council in the case at bar.

Nov. Term, 1860.

THE CITY OF INDIANAP-OLIS.

v.

MANSUR.

APPEAL from the *Marion* Common Pleas.

HANNA, J.—The Common Council of the city of *Indianap-olis* passed an ordinance, directing that a certain street should be graded, &c. The contract was let; and during the progress of the work, information was laid before said council, that the appellee, who was the owner of property abutting on said street, had not paid, &c.: a precept was ordered by the said council to collect the assessment on said property. From this action, appellee appealed to the Common Pleas Court, and there pleaded that two-thirds of the property holders, &c., on said street, had not petitioned, &c., as required by the charter. A demurrer to this answer was overruled. The city then replied that more than two-thirds of the members of the council voted for said ordinance. To this reply a demurrer was sustained.

The brief of appellant presents but one question upon both of those rulings, namely: whether, under the circumstances disclosed in this record, the ordinance was valid?

By the appellee it is insisted, that as the proceedings, relative to the improvement, were commenced by a petition from property holders, it is evident that the intention was to conform them to §§ 66 and 67 of the statute, Acts 1857, p. 63. And that although, in point of fact, more than two-thirds of the council voted for the ordinance, yet that would not make that valid which would otherwise have been invalid; and further, that § 68 of the statute, conferring the power upon the council, by a two-thirds vote, to order improvements, is not valid because of its uncertainty.

As to the first branch of the argument, we think that the

*Friday, November* 30.

Nov. Term, 1860.

fact, that two-thirds of the council voted for the ordinance, makes it binding, although the proceedings on the part of the petitioners, upon the point involved, may not have conformed to, and fully met the provisions of the statute: that is, if § 68 is valid. The objection to that section is, that it only gives power to the council, by a two-thirds vote, to order "any or all of the improvements mentioned in the preceding section;" and it is insisted that the preceding section does not mention any improvements, and that § 68 can not be made to apply to any other section, because, by the statute defining words, &c., it is enacted that "the words preceding and following, referring to sections in statutes, shall be understood as meaning the sections next preceding, or next following that in which such words occur, unless some other section is designated." 2 R. S., p. 339.

Perhaps a literal construction of this statute would apply § 68, under consideration, to the *section*, not *sections*, preceding it. But it is not necessary to determine whether such would be the proper interpretation, for we are of opinion that the improvements named in § 66 of the act, are so referred to, and treated of, in § 67, that the reference in § 68, to the preceding section, will legitimately embrace the improvements contemplated in the ordinance now resisted.

It therefore follows that the ruling of the Court, upon the demurrer to the reply, was erroneous.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*B. K. Elliott*, for appellant.

*R. B. Duncan*, for appellee.