THE BOARD OF COMMISSIONERS OF ALLEN CO. *v.* SILVERS.

MUNICIPAL CORPORATIONS—POWER TO MAKE SEWERS, &c.—Under sections 59, 66, 68 and 69, of the general act for the incorporation of cities, it is competent for the common council of any city organized under that act to construct sewers, and assess the expense thereof upon the owners of the adjoining lots, in the same manner in which the expense of ordinary street improvements may be assessed.

The Board of Commissioners of Allen Co. *v.* Silvers.

SAME—STATUTES CONSTRUED.—The words, in section 66, "or for either kind of improvement, or for a full improvement in general," have reference to and embrace all the improvements authorized by the 59th section of said act.

SAME—APPEAL UNDER § 69.—Where an appeal is taken under this section, it is not competent for the appellate Court to inquire whether the petitioners for the improvement were residents of the city; or whether the petition had been signed by the requisite num ber of persons owning property on the street; or whether two-thirds of the councilmen concurred in making the improvement without petition; or whether the contractor was the lowest and best bidder; or into any other *fact* which arose before the making of the contract.

SAME—CONSTITUTIONAL LAW.—That part of section 69, limiting the inquiry on appeal to facts which arose after the making of the contract, is constitutional and valid.

STATUTORY CONSTRUCTION.—Acts involving questions of constitutional law should be strictly construed, unless, on applying the usual rules of construction, doubt should still exist whether the enactment is constitutional, and, in such case, the doubt should be solved in favor of the action of the Legislature.

SAME—STATUTES CONSTRUED.—That part of section 69 prescribing the form of judgment to be rendered on appeal may be unconstitutional, and may be regarded as stricken out without materially changing the law, because, under the general provisions of the same law, the contractor would be entitled to the same relief substantially.

CONTRACT—CITY ORDERS.—It is competent for the city, in such contracts, to agree to pay in city orders at par, that part of the cost of any improvement which is charged against the city.

CONTRACT—MODIFICATIONS OF.—It is clearly competent for the city, by the common council, to permit changes or modifications of the contract, without impairing the rights of the contractor to collect the expense of the improvement.

ORDINANCE.—An ordinance is not necessary to authorize the making of ordinary street improvements by the city.

The Board of Commissioners of Allen Co. *v.* Silvers.

APPEAL from the *Allen* Common Pleas.

WORDEN, J.—A petition was filed before the common council of the city of *Fort Wayne*, asking for the construction of a certain sewer within the city. The petition purported to be signed by the owners of more than two-thirds of the whole line of lots bordering on the streets and alleys along which the proposed sewer was to run. The common council granted the prayer of the petition. The street committee was instructed to advertise for sealed proposals for the construction of the sewer. Proposals were received, and the contract was awarded to *Silvers*, the appellee. The street committee was authorized by the common council to enter into a contract with *Silvers* for the construction of the work, which was accordingly done. By the terms of the contract the city was to pay *Silvers* for such portion of the work as was occupied by the crossing of streets and alleys, in city orders at par; and for the residue he was to look to the owners of the property bordering on the streets along which the work was to be constructed. The contract seems to have been drawn in accordance with sections 66, 67 and 68 of the act for the incorporation of cities, &c. 1 G. & H. 233.

The sewer was constructed by the appellee and accepted by the common council, and an assessment was duly made upon the owners of the property bordering on the streets along which it was constructed. The county of *Allen* was assessed on her public square fronting on the street on which the sewer was constructed; and failing to pay, a precept was issued for the collection thereof, as provided for in section 69 of the act above cited. An appeal was taken by the county, as provided for in the section of the statute last cited, and in the Common Pleas there was a trial, finding, and judgment for the appellee.

The county appeals, and makes several points on which it

is claimed a reversal should be had. We will notice the points made in the briefs of counsel for the appellant.

The first and indeed the main question arising in the case, is whether the city has a right to construct a sewer, and assess the expense of it to the property owners along the line of it.

The 59th section of the act above cited provides, amongst other things, that: "The common council shall have exclusive power over the streets, highways, alleys and bridges within such city, and to lay out, survey and open new streets and alleys, and straighten, widen and otherwise alter those already laid out, and to make repairs thereto, and to construct and establish side-walks, crossings, drains and sewers."

Here is ample power conferred upon the common council, not only to lay out new streets and alleys, but to improve the old ones, including the construction of side-walks, crossings, drains and sewers. This section, however, does not authorize the expense of such improvement to be asssessed to the property holders along the line of the improvement. But the following sections are to be construed in connection with the foregoing:

"Sec. 66. When the owners of two-thirds of the whole line of lots, bordering on any street or alley, in any city, or a part of any street or alley not less than one whole square between any two streets crossing the same, and measuring only the front line of such lots as belong to persons resident of such city, shall petition to the common council to have the side-walks graded and paved, or the whole width of the street graded and paved, or for either kind of improvement, or for a full improvement in general, or for lighting such city, according to the general plan of improvement in said city, the common council may cause the same to be done by

contract given to the best bidder, after advertising to receive proposals therefor.

"SEC. 67. In all contracts specified in the last preceding section, the cost of any such improvement shall be estimated according to the whole length of the street or alley, or the part thereof to be improved, per running foot, and the city shall be liable to the contractors for so much thereof only as is occupied by the crossing streets or alleys, or by public grounds of the city bordering thereon; and the owners of lots bordering on such streets or alleys, or the part thereof to be improved, shall be liable to the contractor for the proportion of the costs, in the ratio of the front line of the lots owned by them to the whole·improved line: *Provided,* that when the owner of any lot shall have made any improvement in front of his lot, in accordance with the general plan for the improvement of such streets, and under the direction of the city engineer, he shall be entitled to a reasonable allowance therefor, upon his proportion of the cost of such improvement, which reasonable allowance shall be determined by the said engineer.

"SEC. 68. When any such contract shall be made, or shall have been heretofore made, and shall be in progress of fulfillment, the common council shall have power to cause estimates to be made from time to time of the amount of work done by the contractor, and to require such amount to be paid to him, deducting a reasonable per centage to secure the completion of the contract, until the whole shall be finished, and to prescribe the time within which the same shall be finished; and such estimates shall be a lien upon the ground upon which they are assessed, to the same extent that taxes are a lien, and shall have the same preference over other demands. The common council, with the concurrence of two-thirds of the members thereof, may cause any or all of the

improvements mentioned in the preceding section, and repairs of any kind of streets and alleys to be made in like manner, without such petition, and either charge or cause any or all of the expenses thereof to be assessed and collected, as heretofore provided when petition is made, or, if deemed just and right by the common council, to cause such expense, or any part thereof, to be paid out of the general revenue of the city."

The 69th section provides for the collection of the assessment made upon the owners of property bordering on the street on which the improvement is made, by precept to be issued for that purpose, and for an appeal from the precept to the Court of Common Pleas, where the cause is to be tried as other causes. "*Provided,* that no question or fact shall be tried which may arise prior to the making of the contract for said improvement upon the order of the council. The clerk, (of the city,) upon the filing of said bond, (the appeal bond,) shall forthwith make out and certify, under his hand and official seal, a full, true and complete copy of all papers connected in any way with the said street improvement, beginning with the order of the council directing the work to be done and contracted for, and including all notices, precepts, order of council, records and other papers filed in said matter, which transcript shall be in the nature of a complaint, and to which the appellant shall answer upon rule; and in case the Court or jury shall find, upon trial, that the proceedings of said officers subsequent to said order directing the work to be done, are regular, that a contract has been made, that the work has been done, in whole or in part, according to the contract, and that the estimate has been properly made thereon, then the said Court shall direct the property to be sold and conveyed by the sheriff thereof, as the said clerk is here-

inafter directed to sell convey property liable for street improvements. *Provided,* that nothing herein shall be so construed as to prevent any person from obtaining an injunction upon the proceedings prior to the making of any such improvement," &c.

These provisions have been set out at large, in order not only to show the scope of legislation bearing on the question of power in the common council to build sewers and assess the expense to the property owners along the streets and alleys in which they are built, not including the expense of building them across streets and alleys, or along public grounds of the city, but also as furnishing a solution to some other questions arising in the case.

We have seen that, by section 59, the common council is empowered, amongst other street improvements, to construct drains and sewers. "The action of municipal corporations is to be held strictly within the limits prescribed by statute. Within these limits they are to be favored by the Courts. Powers expressly granted, or necessarily implied, are not to be defeated or impaired by a stringent construction." *Kyle* v. *Mulin,* 8 Ind., 34. What is meant by the language of the 66th section: "Shall petition to the common council to have the sidewalks graded and paved, or the whole width of the street graded and paved, or for either kind of improvement, or for a full improvement in general, or for lighting the city, according to the general plan of such improvement in said city"? We think that the words, "or for either kind of improvement, or for a full improvement in general," have reference to any and all the improvements authorized by the 59th Section, and include sewers. The words should be construed to have reference only to such improvements as the city is authorized to make, and the section indicated above shows what those improvements are. This is not only the natural, but it

seems to us to be the just interpretation of the statute. If the words indicated do not add anything to what was previously provided for in the same section, viz: the power to grade and pave the sidewalks and streets, they are tautological and useless. If they add something more, which we think they do, they must have referred to such improvements as may legally be made, and this is determined by the 55th section. The power to construct sewers is undoubted, and the expense thereof should be borne by those who are benefited by them. Taking the provisions of the statute together, we have no doubt of the right of the common council to construct sewers, and assess the expense thereof to the owners of the property, as provided for in the sections above set out.

We proceed with the other questions in the cause. It is objected that "it nowhere appears in the record that the owners of two-thirds of the whole line of lots, resident, in such city, bordering on said streets, petitioned the common council to construct said sewer. It is not so stated in the petition, nor does it appear that there was any evidence before the common council showing that the persons who signed the petition were resident owners of two-thirds of the whole line of the lots, &c."

It does appear that the whole length of the sewer was 1512 feet; that the aggregate of all the crossings of streets and alleys was 334 feet, leaving 1178 feet to be charged upon the property holders. Double this line to include the whole line of the property on each side of the street, and we have 2356 feet. The persons who signed the petition purported to be the owners of more than two-thirds of the line, viz: 1825; and amongst them was the appellant, representing 314 feet, the amount on which the assessment was made.

But whether or not it appeared by proof before the city

council that those who signed the petition were residents of the city, we are not informed by the record. But these are questions which the Court below could not inquire into. We have seen that on the appeal no question of fact could be tried which arose before the making of the contract. This provision of the statute was inserted for a purpose. That purpose was, undoubtedly, to enable the contractor to collect his money where he had done the work contracted for, without being harrassed with questions as to the regularity of the proceedings that took place before he entered into the contract, and to which proceedings he might be a stranger. If a party interested have reason to believe the proceedings, before the contract, were irregular or insufficient to authorize the contract and the doing of the work, he may enjoin them before the work is done; but if he withhold his objection until the work is done, there is no hardship in precluding him from going behind the contract and showing that by reason of any fact it was unauthorized. Whether the petition was signed by the requisite number of residents of the city, owning property bordering on the street on which the improvement was to be made, was a fact that could not be inquired into. But whether any petition had been filed at all would not seem to be material, as the council had power, by the concurrence of two-thirds of their number, to construct the sewer without petition, and assess the expense upon the property owners in the same manner as upon petition. Sec. 68. *The City of Indianapolis* v. *Mansur*, 15 Ind., 112. Whether two-thirds of the councilmen concurred in building the sewer, was a question of fact. The record shows how many voted for it, but it does not show how many constituted the council. For aught that appears two-thirds of the whole number concurred, but whether they did so was a fact that could no more be inquired into than any other fact transpiring before the contract

was made.    If there was no sufficient petition filed, and if two-thirds of the councilmen did not concur in the vote to build the sewer, the remedy of a party interested was by injunction.    We should not wait until the contractor had built it, and then seek to avoid payment on such ground.    *The City of Indianapolis* v. *Imberry,* 17 Ind., 175.

Another objection of the same character is made, viz : that one *Parks* was a better bidder for the work than *Silvers,* and therefore that the contract should have been awarded to *Parks.* The statute provides for letting the work to the " best bidder."    Whether *Parks* or *Silvers* was the best bidder, was a question for the council to decide.    The *lowest* bidder, is not always necessarily the best bidder.    This was a question of fact that could not be inquired into on the appeal.

It is insisted, however, that that part of section 69 which provides that on an appeal no question of fact shall be tried which arose prior to the making of the contract, and that which provides for the manner of rendering judgment, are unconstitutional and void, on the ground, *first,* that the subject matter is not sufficiently expressed in the title, and *second,* that it is a special law on the subject of practice in Courts of justice.

The title, so far as it is necessary to set it out, is as follows: " An act," &c., " to provide for the incorporation of cities, prescribe their powers and rights, and the manner in which they shall exercise the same, and to regulate such other matters as pertain thereto."    Acts 1859, p. 207.

It is sufficient if the legislation in question is properly connected with the subject expressed in the title.    *Reed* v. *The State,* 12 Ind., 641 ;    *The State* v. *Adamson,* 14 Ind., 296; *Brandon* v. *The State,* 16 Ind., 197.    In *Reed* v. *The State,* it was held to be " a salutary rule to construe a fundamental law strictly, yet if, in applying the usual rules of construction,

doubt should still exist as to whether the enactment is in consonance with the fundamental law, we know of no safer guide than to let the co-ordinate branches of the government have the benefit of that doubt, and only declare an act unconstitutional by judicial decision, when it is manifestly so." We can not say that the legislation in question is not properly connected with the subject expressed in the title to the act. See, for illustration, the cases above cited. The subject expressed in the title, is, amongst other things, the powers and rights of cities, and the manner in which they shall exercise the same. Those powers and rights extend, as we have seen, to the construction of sewers, and the assessment of the cost thereof to the property owners. Properly enough connected with the subject, is the matter providing for an appeal from the proceedings, by a party interested, and the effect of such appeal. The provision that on the appeal no question of fact shall be tried which arose before the making of the contract, amounts, in substance, to this, that the appeal shall not have the effect of bringing in question anything done or omitted before the contract was entered into. The provision directing the manner of rendering judgment in the appeal is of more questionable character, but that may be regarded as stricken out without changing the effect of the law. Under the general provisions of the law, outside of that which specifically provides how judgment shall be rendered on appeal, the contractor would be entitled to a judgment for the sale of the property to make the amount of the assessment against it, where all the proceedings subsequent to the order of the council directing the work to be done have been regular, and where a contract for the work has been made and fulfilled, and where the assessment has been properly made; and such judgment would be carried into effect, and the sale made, by the proper officer of the Court to which the appeal is taken.

The other objection, that the law is a special one on the subject of practice in the Courts of justice, is not well founded. The law is general and of uniform operation. It applies, to be sure, to only a class of cases, but that is no objection to it. *Reed* v. *The State, supra; Smith* v. *Doggett*, 14 Ind., 442.

Another objection is that the council cannot construct sewers without an ordinance. An ordinance was not necessary. *The City of Indianapolis* v. *Imberry, supra;* and if it were, whether they passed one or not before the contract was made, was a question of fact that could not be inquired into.

It is still further objected that the agreement on the part of *Silvers* to receive from the city, for that portion of the work occupied by the crossing of streets and alleys, city orders at par, was illegal, and rendered the contract void. We do not perceive anything illegal in this. No reason or authority is stated in support of the assumption that the transaction was illegal.

The only remaining objection to the proceedings is that *Silvers* failed to perform his contract, and hence that the assessment is void.

We are not able to see but that *Silvers* substantially performed his contract. By the terms of the contract the work was to be done "under the superintendence and final acceptance of the committee on streets, and civil engineer of the city." Some departures were made in the details of the work from the specifications in the original contract, but these departures were made under the direction of the street committee and engineer, and the work accepted by them and the common council, and the assessments were duly ordered to be made. We think it was clearly within the power of the common council to permit changes or modifications of the

contract. Such changes or modifications, in some cases, become imperatively necessary; and when such changes are made, and the work done accordingly, and accepted by the common council, it can not be said that the contractor failed to perform his contract. Such performance fills the requirements of the law, that the work should be done "according to the contract."

There is no error in the proceedings below that should cause a reversal of the judgment.

*Per Curiam.*—The judgment is affirmed, with costs.

HANNA, J., dissents from this opinion.

*William W. Carson, L. M. Ninde* and *R. S. Taylor*, for the appellant.

*Wm. H. Coombs*, for the appellee.