## GULICK v. CONNELY.

CITY.—*Contract for Street Improvement.—Extension of Time.—Penalty.*—Where a contract for a street improvement provided, that if the work should not be done within a time specified, and the contractor should desire an extension of time, such extension should only be granted on condition that five *per centum* per month should be deducted from the assessments for all work done after such extension, the deduction to operate for the benefit of the property holders;

*Held*, that the deduction provided for was in the nature of a penalty, which the common council might enforce or not, in its discretion.

*Held*, also, that the penalty was only to attach on condition that the contractor desired an extension of time.

PLEADING.—*Answer to Part of Cause of Action.*—An answer which assumes to be in bar of the whole action, when it is only in bar of a part, is bad.

JUDGE.—*Power to Correct Special Finding.*—A judge may correct his special finding during the term at which it is made, by finding upon issues that have been omitted.

SAME.—*Must Make Finding.*—In making a special finding, where there is any evidence on a point pertinent to an issue in the cause, the court is required to find, either that the fact did exist or that it did not exist.

SAME.—If the testimony is evenly balanced, the court should find against the party upon whom the burden of the issue rests.

CITY.—*Appeal from Precept.—Issues to be Tried.*—On an appeal from a precept issued for the collection of an assessment for a street improvement, the issues to be tried are, whether the proceedings of the officers subsequent to the order directing the work to be done were regular; whether a contract was made; whether the work was done, in whole or in part, according to the contract; and whether the estimate has been properly made thereon.

SAME.—*Improvement of Street.—Acceptance of Work.*—The acceptance by the city authorities of work done under a contract for a street improvement is only *prima facie* evidence that the work has been done in substantial compliance with the terms of the contract.

PRACTICE.—*Motion for Venire de Novo.—Special Finding.*—Where a court makes a special finding of facts and conclusions of law, but fails to find all the facts covering the issues and embraced therein, a motion for a *venire de novo* assigning such cause should be sustained.

APPEAL from the Tippecanoe Common Pleas.

BUSKIRK, J.—This was an appeal from a precept issued in favor of the appellant, under an order of the common council of the city of Lafayette, to enforce the payment of certain assessments in favor of appellant, as contractor, for the improvement of Kossuth street in said city.

The complaint was full and complete, and no objection was urged thereto in the court below. The appellee answered in three paragraphs. A demurrer was overruled to the third paragraph, and this ruling is assigned for error and presents the first question for our decision.

The substance of such paragraph is, " that said contract required the work to be completed on the first day of September, 1869, but that said work was not completed until, to wit, the 17th day of December, 1869, which was more than two months after the time required by said contract for the completion of said work ; and defendant avers that by the terms of said contract, five per cent. per month should be deducted from said estimate and assessment against the property of said defendant, on account of said delay in the completion of said work, which deduction has not been made in said estimate and assessment ; and the defendant avers that by reason of such delay, he has been greatly damaged thereby, in this, to wit, fifty dollars ; and the said defendant says that said plaintiff ought not to have judgment for said assessment."

That portion of the contract referred to in the above paragraph of the answer is as follows:

" And it is further understood and agreed that if said party of the first part fails to complete said work within the time specified, and desires an extension of time to complete the same, such extension of time shall be granted only on condition that five per centum per month be deducted from the assessments of all work done after such extension, such deduction to operate for the benefit of the respective property holders in proportion to their assessments ; and all damages arising on account of any failure on the part of the party of the first part to comply with the conditions of this contract shall be collected from the party of the first part, without any relief from valuation or appraisement laws."

The contract, of which the clause above quoted is a part, was entered into between the appellant and the common council of the city of Lafayette. The appellee was not a

party to the contract. It is manifest that this clause must have been inserted at the instance of the common council, and that its purpose was to secure prompt performance on the part of the appellant. The provision that five per centum per month should be deducted from the assessment of all work done after the extension of the time of the completion of the contract, was in the nature of a penalty, which it was competent for the common council to enforce or not, in their discretion. And if they had chosen to enforce it, the time for them to have done so was when they allowed the last assessment; but it is shown not only by the answer, but by the transcript, that it was not enforced. The work was received by the city engineer, committee on street improvements, and common council, and the final estimate made. It should be observed that the penalty was only to attach on the condition that the contractor desired an extension of time for the completion of the work, when the extension could only be granted on the express condition that five per centum per month should be deducted from the assessment of all work done after such extension. If there was no extension of time asked by the contractor and granted by the common council, then the penalty did not attach, and the parties stood upon their common law liability, as though there was no such provision in the contract. It is not alleged in the answer that an extension of time was asked for and granted, nor is it shown what assessments were made for work done after such extension. Besides, the answer assumes to be in bar of the entire action, when the conclusion shows that it was only in bar of fifty dollars.

The court erred in overruling the demurrer to the third paragraph of the answer:

By the agreement of the parties, the cause was submitted to the court for trial; and the evidence being heard, the appellant asked the court to state the facts found in writing and the conclusions of law thereon by the court.

The facts so found and the conclusions of law thereon are as follows:

Gulick *v.* Connely.

"The city of Lafayette contracted with the plaintiff in accordance with the statute, by which plaintiff agreed to make a partial improvement of Kossuth street in said city (a small part of the street adjoining lands not within the corporation when the contract was made). The question to be decided now is, was the work done according to contract? The grading and gravelling of the street were done according to specifications, and under the direction of the city engineer, except that for a distance of about half the line of the street; the grading was fifty-eight feet wide, instead of sixty feet; the grading was done, however, to the line of improvement as made, on each side of the street, under the direction of the city engineer, and but fifty-eight feet were paid for. This I find to be a substantial compliance. The grading is shown to have been well done. By the terms of the contract, the sidewalks were to be made four feet in width, of good, sound, common white pine plank, two inches in thickness, six inches in width, and twelve or sixteen feet in length, laid so as to break joints, on good, sound, white oak scantling, four inches square and four feet long, laid four feet apart transversely to the sidewalks, and to be securely spiked to the same by two four inch spikes in each scantling; the lumber to be free from sap and injurious defects.

"The improvement was finished, approved by the engineer, and accepted by the council, but the work was not done according to contract, in this: The timber of the sidewalks was not free from sap, and some (the number is not definite) of the cross pieces, to which the plank were nailed, were worm-eaten, having been sawed from dead timber. A part of the lumber which was brought to said improvement was rejected by the engineer, and was not used in the improvement; and the engineer testifies that he knew of no objectionable material being used, but the fact that some, in fact, a considerable amount (but not a definite amount) of lumber with sap from one to two inches wide was used, is established. The contract is positive that the lumber 'must be free from sap.' Had but a few pieces, but slightly injured

by sap, been put in the work, I would have regarded the work as substantially done according to the contract, but a violation of so plain a provision of the contract does not, to my mind, justify a recovery. The acceptance by the city of the work is *prima facie* evidence that the work was done according to contract, but not conclusive. The statute itself shows this. This presumption in the case at bar has been rebutted; the precept should not have been issued; therefore, I find for the defendant."

The appellant excepted to the conclusions of law drawn by the court upon the facts found.

The appellant moved the court for a new trial, upon written reasons filed, which motion was overruled, and the appellant excepted.

Thereupon the appellant moved the court for a *venire de novo*, upon the ground that the findings of the court were imperfect and did not cover all the issues in the cause.

While such motion was pending, the following amendment to the special findings was made by the court:

"I find that the work has been done substantially according to contract, except as shown in the finding heretofore filed; that had the work been done as to the sidewalks according to the contract, the assessment would have been proper, and the precept properly issued. As the amount of lineal feet owned by the defendant and its proportion to the whole line of the street is correctly stated in the complaint, I find that the defendant's property is in the city, and he is not entitled to damages as set up in his counter-claim.

"John M. LaRue."

To the making of which additional finding the appellant, at the time, objected and excepted.

After the filing of such amendment, the court overruled the motion for a *venire de novo*, to which appellant excepted.

The appellant then moved the court for judgment in his favor upon the special findings, which motion was overruled, and appellant again excepted.

The court thereupon rendered final judgment for the appellee.

The next assignment of error calls in question the correctness of the ruling of the court in overruling the motion for a *venire de novo.*

It is very earnestly insisted by counsel for appellant, that in deciding upon this question, we can only look to the original special findings of the court, for the reason that the court, having made and filed his findings, possessed no power to make any addition thereto. We think the objection is untenable. We are unable to see any valid objection to the action of the court. The special finding of the court stands upon different grounds than the verdict of a jury, but even a jury, before its discharge, may be required to correct and perfect the verdict or answers to interrogations. The same judge, ordinarily, presides during the entire term, and if he should, in the hurry of business, omit to find upon one of the issues, no injury can result in permitting him, during the term, to correct his finding.

But, conceding the right of the court to render the additional finding, it is maintained by counsel for appellant that he was, for two reasons, entitled to a *venire de novo:*

1. That the findings rendered are too vague, uncertain, and indefinite.

2. That the findings do not cover all the issues in the cause.

The court finds that the work was substantially done according to the contract, except the sidewalk. In our opinion, the defects in the sidewalks are not sufficiently pointed out to enable us to determine whether such work was done in substantial compliance with the contract.

It is found that some of the timber for the sidewalk was not free from sap. Again, it is found that a considerable amount of lumber that was not free from sap was used in the construction of the sidewalk, and some of the cross-ties were worm-eaten. The court was required to find the facts, and not to write the testimony of the witnesses. The thing to be found was, what was proved, and not conjectures or

impressions. The court was required, where there was any evidence on the point, to find either that the fact did or did not exist. The court was bound to consider and weigh all the evidence on any given point, and then find one way or the other. If the testimony was evenly balanced, then the court should find the fact against the party upon whom the burden of that issue was. The law does not require a literal and exact performance of the work according to the contract, but it does require a substantial compliance with the contract. *The Board of Commissioners of Allen County* v. *Silvers*, 22 Ind. 491.

If the court had found the number of pieces of timber and lumber which were used that were not free from sap, and the number of cross-ties that were worm-eaten, we could determine whether there had been a substantial compliance with the contract. The finding is too uncertain and indefinite.

We proceed to inquire whether the findings cover and embrace all the issues in the cause.

What were the issues? They are plainly defined by the statute, as follows:

"And in case the court and jury shall find upon trial that the proceedings of said officers subsequent to said order directing the work to be done are regular, that a contract has been made, that the work has been done, in whole or in part, according to the contract, and that the estimate has been properly made thereon, then said court shall direct the property to be sold," etc. 3 Ind. Stat. 102.

The special findings wholly fail to show whether or not the proceedings of the city officers, subsequent to the adoption of the order directing the work to be done were regular, and whether or not the estimate had been properly made on the work.

It is also insisted by counsel for appellant that the court erred in finding as a conclusion of the law, that the acceptance of the work on behalf of the city authorities was only *prima facie* evidence that the work had been done in sub-

stantial compliance with the contract. It is very earnestly insisted that such acceptance was conclusive evidence, in the absence of fraud or mistake, and in support of such position, we are referred to the cases of *The Board, etc.*, v. *Silvers, supra; Wilson* v. *Poole*, 33 Ind. 443; *Wyckoff* v. *Meyers*, 44 N. Y. 143.

The authorities referred. to do not support the position assumed. If the acceptance of the work by the authorities of the city is conclusive evidence that the work has been done according to contract, why is an appeal given to the property-holder from a precept? and why does the statute provide that one of the questions to be tried on such appeal is, whether the work has been done, in whole or in part, according to the contract? The property-holders have no opportunity to be heard before the common council, and it would be manifestly unjust to hold them concluded, without being heard.

We are of opinion the court erred in overruling the motion for a *venire de novo.*

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below, to grant the *venire de novo*, and for further proceedings in accordance with this opinion.

*J. R. Coffroth* and *T. B. Ward,* for appellant.

*W. C. Wilson,* for appellee.