## HELLENKAMP v. THE CITY OF LAFAYETTE.

COMMON COUNCIL.—*Precept.*—*Appeal.*—No question involving the power of the common council of a city to make a contract for street improvement under an order to that effect, can be made on appeal from a precept.

SAME.—If there has been an order of the council, and a contract under it, the only questions to be determined on such appeal are, that the work has been done, in whole or in part, according to the contract, and that the estimate has been properly made thereon.

SAME.—*Modification of Contract.*—Where the common council, by a two-thirds vote, without petition from the owners of property along the line of a street, has ordered the improvement of such street, to be of specified material and quality, and has approved a contract duly made for such improvement, it may, before commencement of the work, acting in good faith for what it believes to be the best interest of the city, with the consent of the contractor, modify such contract, so as to reduce the quality and quantity of material to be used and the price to be paid. Such modification becomes a part of the contract, and cannot be questioned on appeal from a precept.

CITY.—*Powers.*—*Estoppel in Pais.*—A property holder cannot quietly permit money to be expended in work which benefits his land, under a contract with a city, and then deny the power of the city to make the contract.

ANSWER.—*Costs.*—Appeal from precepts issued on assessments for a street improvement. Answer, directed to the entire transcript, but presenting a defense to only a part of the sum for which the last precept issued.

*Held* that the answer was bad on demurrer.

*Held,* also, that the answer should have been directed to the last estimate, and if on that issue the appellant had recovered, he would have been entitled to his costs on such issue.

APPEAL from the Tippecanoe Common Pleas.

RAY, C. J.—The common council of the city of Lafayette, in the year 1865, without petition from the owners of property along the line of Cincinnati street, by unanimous vote, ordered the grading, graveling, and paving of said street, and directed specifications of the work and material required therefor to be prepared, and the work advertised for contract. This having been done, a contract was made and approved by the council. Before any work had been done under the contract, a resolution was adopted reducing the quality and quantity of material to be used in executing the contract, and the contract price to be paid; the modification

requiring the consent of the contractors, to whom the city was already bound. The modification was accepted by the contractors, and the work performed under it, and three assessments, including a final one, ordered by the council. From precepts issued on these three assessments, against the appellant, he appealed to the Court of Common Pleas. In that court he filed a demurrer to the transcript, which demurrer was overruled. It is objected here, that the city council had no power to modify the contract, and that no compensation can therefore be collected for the work done under the contract as finally carried out. In other words, where no improvement was asked for by a majority of the property holders along the line of a street, but the council, looking to the interest of the entire city, determined, as they had the power to do, that such improvement was required, and thereupon by a two-thirds vote ordered it to be done of a certain material and quality and approved a contract for such improvement duly made, that all power in that regard thereupon passed from the hands of the council. It may be discovered before the work commences that the improvement is in its nature more expensive than the interests of the city require, and yet it is contended that the city council, acting in good faith for what it believes to be the best interest of the city, may not, with the consent of the contractor, modify the contract so as to reduce its cost.

It is provided by section 69 of the act "for the incorporation of cities," 1 G. & H. 235, in force when this contract was made, that upon appeal "no question of fact shall be tried which may arise prior to the making of the contract for the said improvement, under the order of council. * * * and in case the court or jury shall find, upon trial, that the proceedings of said officers, subsequent to said order directing the work to be done, are regular, that a contract has been made, that the work has been done, in whole or in part, according to the contract, and that the estimate has been properly made thereon, then said court shall direct

the said property to be sold, * * * *Provided,*that nothing herein shall be so construed as to prevent any person from obtaining an injunction upon the proceedings prior to the making of any such improvements." This prevents any question being made on appeal involving the power of the council to make the contract under an order to that effect. That power may not have been acquired, owing to the omission of some steps required, or having been acquired, it may have been forfeited, or the power exhausted by its full exercise, as it is claimed had occurred in this case; still if there be an order of the council, and a contract under it, the only questions to determine are "that the work has been done, in whole or in part, according to contract, and that the estimate has been properly made thereon."

A property holder cannot quietly permit money to be expended in work which benefits his land, under a contract with the city, and then deny the power of the city to make the contract. *Palmer* v. *Stumph,* 29 Ind. 329.

The modifications of the contract, under the order of the council, before the work was commenced, became a part of the contract, and cannot be questioned on appeal. The first paragraph of the answer filed by the appellant states the change made in the contract as a ground of defense. To this a demurrer was properly sustained.

The second paragraph states that by the terms of the contract, if any extensions of time were made, a specified sum was to be deducted from the contract price; that such extensions were made and a sufficient sum was not deducted.

The third paragraph states that the city engineer refused to make the third and final estimate and accept the work. Demurrers were sustained to each.

These paragraphs were filed as answers to the transcript, which the statute declares shall be treated as a complaint. It is evident that they can in no case be good, except as to a part of the sum for which the last precept issued. They do not answer the entire complaint.

The pleas should have been directed alone to the third

estimate, and if upon that issue the appellant recovered, he would have been entitled to his costs on that issue. 2 G. & H. 228, sec. 400. The ruling of the court was correct.

The judgment is affirmed, with ten per cent. damages and costs.

*R. P. Davidson* and *W. D. Wallace,* for appellant.

*W. C. L. Taylor* and *W. C. Wilson,* for appellee.