## THE NEVINS AND OTTER CREEK TOWNSHIP DRAINING COMPANY *v.* ALKIRE.

DRAINING ASSOCIATION.—*Assessment.*— *Pleading Former Assessment.*—The answer to an action to recover the amount of assessment levied by a draining company, against the owner of lands benefited by a ditch made by said company, alleged that there had been an appraisement and assessment of benefits prior to that upon which the assessment sued upon was levied, but did not allege that the appraisers were sworn to such former assessment, or that notice had been given to the owners. of lands ·of the time of making such assessment.

*Held,* that the answer did not allege a valid prior assessment.

SAME.—*Lands not Assessed.*—The omission to assess lands subject to assessment under the provisions of the law for the construction of drains, renders the assessment made invalid.

SAME.—*Estoppel in Pais.*—An answer to a complaint for recovery of assessment levied by a draining company alleged a prior assessment; the reply alleged that the defendant requested and assented to the making of the new assessment, and that the company expended money in making the drain on the faith of the defendant's expressing satisfaction with the new assessment, and standing by while the improvement was made.

*Held,* that the reply was good.

APPEAL from the Vigo Common Pleas.

DOWNEY, C. J.—The complaint in this case, by the appel-

lant against the appellee, alleges that the plaintiff is a duly organized corporation under and by virtue of the laws of the State of Indiana; that at the March term, 1868, of the commissioners' court, on application of the company, the board of commissioners appointed appraisers to assess the amount of benefits or injury to all the lands liable in any way to be affected by the construction of a certain ditch or drain known as the " Nevins and Otter Creek Township Drain," describing the same. That on the 10th day of April, 1868, said appraisers, having examined all the lands liable, etc., made their list of assessment, assessing two hundred dollars upon certain real estate of the defendant, described in the complaint; that said list was duly verified, returned, and filed with the clerk of the board, who caused the same to be recorded in the recorder's office of the county, a copy of which is filed with the complaint; and that the defendant had due notice of the time of making said assessment; that afterward, on the 27th day of April, 1868, the board of directors, to raise means for the prosecution of said work, levied a sum equal to ten per cent. on said assessment. On the 31st day of July, 1868, they made a further levy of twenty per cent.; and on the 16th day of September, 1868, they made an additional levy of twenty per cent. thereon, making in all fifty per cent., the defendant being duly notified thereof; wherefore the defendant became liable, etc., yet he has failed to pay, and plaintiff asks judgment, etc.

The defendant answered: first, the general denial; second, that at the June term, 1866, of the board of commissioners, the said board, on petition of the board of directors of said company, appointed three other persons appraisers to assess the amount of benefits and injury to the lands to be affected by the construction of said work; that the said appraisers examined said lands and · made an assessment pursuant to law, and returned the same to the clerk of the board of directors; but the board directed the clerk not to file the same with the auditor, and the same was never filed in the office of the recorder by him, wherefore, etc.; third, that· said

drain is of no public utility; fourth, that his lands are in no way benefited by said drain, and are improperly, illegally, and extravagantly assessed in said assessment.

The plaintiff replied by a general denial of the answer; and for further reply to the second paragraph of the answer, says, that the appraisement made by the appraisers, mentioned in the second paragraph of the answer, was unsatisfactory to the land owners on whose lands assessments were made, including the defendant, and was also informal, in this, that all the lands benefited by the ditch or drain were not assessed, but by mistake some of said lands were left out by said appraisers, and the said land owners and the company desiring another appraisement, the company, at the request of, and with the defendant's consent procured the second appraisement named in the complaint to be made, the other land owners and the company agreeing to set aside the first appraisement and to have another, etc.; third, that the appraisement made, as mentioned in the second paragraph of the answer, when so made as stated in said answer, was unsatisfactory to the owners of the land, and particularly so to the defendant; and the company, at the request of the said land owners, including the defendant, applied to the board of commissioners to appoint new appraisers, and failed to file the original appraisement in the recorder's office for that reason, the said defendant and other land owners consenting thereto; and said company, at the request of said owners of land, including said defendant, procured the appointment of the appraisers and appraisements mentioned in the complaint, and made said appraisements, and under the faith thereof spent the sum of two thousand dollars in constructing said ditch, relying on the said appraisement to reimburse said company for such outlay; and the defendant and other land owners were present when the said appraisements, named in the complaint, were made, and acquiesced in the same, and pointed out their lands to the appraisers, and the supposed advantages and disadvantages of the work to each, and to his own and his neighbor's lands, and ex-

pressed themselves satisfied therewith, and stood by afterward and saw the plaintiff expend large sums of money in the construction of said ditch, on the faith of said assessments and their acquiescence therein; wherefore the defendant is estopped, etc.

A demurrer to the second paragraph of the answer was overruled; and demurrers were sustained to the second and third paragraphs of the reply. Exceptions were properly taken. Plaintiff refusing further to reply, judgment was rendered for the defendant.

The first question for our decision is as to the sufficiency of the second paragraph of the answer. Conceding, for the present, that no second assessment can be made, after one assessment has been legally made under the law, the question arises, does the second paragraph of the answer show that such an assessment was made? We think, in at least two essential particulars, the second paragraph of the answer fails to show a valid assessment: first, the appraisers do not appear to have been sworn to the assessment as required by law. 1 G. & H. 304, sec. 12. Second, no notice appears to have been given of the time of the making of the assessment, to the owners of the land, as required by sections 13 and 14 *id.* For these reasons, the assessment referred to in the second paragraph of the answer was not valid, and could not constitute any sufficient reason why a valid assessment should not afterward be made. The demurrer to this paragraph of the answer should have been sustained.

The next question is as to the second and third paragraphs of the reply. For the same reasons that have led us to hold the second paragraph of the answer bad, we must hold that these paragraphs of reply are good. The second paragraph of the reply shows that a considerable portion of the lands which should have been assessed was omitted. This, according to decisions of this court in the cases under the gravel road law, rendered the assessment invalid. But, in addition to this, it is alleged that the defendant requested and assented to the making of the new assessment. The

third paragraph of the reply is even stronger than the second. It states that the new assessment was made by the consent, and at the request of the defendant; and that the company expended two thousand dollars in making the improvement, on the faith of the assessment, the defendant expressing himself satisfied with the assessment, and standing by while the improvement was being made. Under these circumstances, he could not very well be allowed to say that he should not pay his proportionate share of the expenses of the work. A principle quite analogous to this has been decided by this court, in relation to assessments for street improvements. *Hellenkamp* v. *The City of Lafayette*, 30 Ind. 192.

The judgment of the common pleas is reversed, with costs, and the case remanded.

*J. P. Baird, C. Cruft*, and *J. M. Allen*, for appellant.
*W. Mack*, for appellee.