## KRETSCH *v.* HELM.

CITY.—*Street Improvement.*—*Notice.*—An ordinance providing for the improve-
ment of a street directed the city clerk to advertise for proposals for doing the
work, in a newspaper, and also, by posting up printed notices in five of the
most public places in the city.    Publication was made in the newspaper, but
the printed notices were not posted up as required by the ordinance.

*Held,* that the letting of the contract, without giving the notice provided for in
the ordinance, was illegal, and an assessment for work done under a contract
so let could not be sustained.

PRACTICE.—*Demurrer.*—A demurrer to an answer to an insufficient complaint
reaches back and should be sustained to the complaint.

From the Marion Common Pleas.

*N. B. Taylor* and *E. Taylor,* for appellant.

*A. Seidensticker, F. Rand,* and *R. H. Hall,* for appellee.

PETTIT, J.—This case has been here before.  38 Ind. 207.
It is an appeal from a precept in favor of Helm against the
property of Kretsch for street improvement, and when here
before it was reversed, because the transcript of the council
proceedings did not show that bids for the work had been
advertised before letting the contract.   The case went back,
and the transcript which stands as and for a complaint, was
amended so as to show that an advertisement for bids was
twice published in the Indianapolis Journal before letting
the contract.   An answer was filed to the complaint, and a
demurrer for want of sufficient facts was sustained to it,

Kretsch *v.* Helm.

exception taken, and judgment for the plaintiff, the defendant having refused to answer further. The view we have taken of the case renders it unnecessary to set out the answer or to say whether it was good or bad, for a bad answer is good enough for a bad complaint, and a demurrer to the former reaches back to the latter.

The ordinance, under which the improvement was made, provides, that "the city clerk is hereby directed to advertise by publication, one day each week for two successive weeks in the Indianapolis Daily Journal, and by posting up printed notices in not less than five of the most public places in the city, that sealed proposals will be received by the common council, at its meeting to be held on the 14th day of September, 1868, for the execution of said work." The advertisement was made in the Journal, as required, but was not made by posting up notices in five public places in the city. This case may be likened to one where a sheriff is required by law to give notice by a publication in a newspaper, and by posting up notices. The doing of one will not excuse not doing the other and render the acts of the sheriff valid. The common council having provided what and how advertisement should be made, all parties interseted are bound by it, and the complaint, to be good, must show that the advertisement was made accordingly. We hold that the demurrer to the answer should have been sustained to the complaint.

The judgment of the court below is reversed, at the costs of the appellee, with instructions to the court below to sustain the demurrer to the answer to the complaint.