## McGill et al. *v.* Bruner et al.

City.—*Precept for Sewer Improvement.*—*Appeal.*—*Complaint.*—On appeal by a property owner, to the circuit court, from a precept issued by the com-

mon council of a city to collect an assessment against his property for the cost of a sewer improvement, the transcript, certified by the city clerk as required by section 71, 1 R. S. 1876, p. 304, of the act for the incorporation of cities, etc., constitutes the complaint in the circuit court against such property holder.

SAME.—*Omission in Transcript.—Certiorari.— Amendment.— City Clerk.*—Where, in such case, the transcript omits any material proceeding had before the common council, the proper practice is, not by a motion to make certain, but, upon cause shown, to procure a certiorari upon, or an order against, the city clerk, to supply the omission.

SAME.—*Estimates of City Engineer.*—Where such transcript shows, that, upon the completion of the improvement, a complete and corrected estimate of the cost had been made by the city engineer, and adopted by the common council, in the stead of partial estimates made during the progress of such improvement, the omission of such partial estimates from the transcript does not render it insufficient.

SAME.—*Defence.—Interest of Third Party.—Making New Parties.*—Under that proviso of said section 71, declaring, that, on such appeal, "no question of fact shall be tried which may arise prior to the making of the contract for the said improvement under the order of the council," it is incompetent to either plead or prove that a third party claims title to the ground in which such improvement was constructed.

SAME.—*Remedy.—Injunction.*—The remedy of the property owner, in such case, is by an action, at the proper time, to enjoin or restrain the making of the improvements.

From the Marion Circuit Court.

*J. S. Harvey*, for appellants.

*A. C. Ayres* and *E. A. Brown*, for appellees.

NIBLACK, J.—This cause had its origin in certain proceedings in the common council of the city of Indianapolis, for the construction of a sewer, in and along Missouri street, from the north side of Market street to Kentucky avenue.

A transcript of those proceedings constituted the complaint in the court below.   1. R. S. 1876, p. 305.

By the complaint it was made to appear, that, on the 13th day of July, 1874, the said common council of the city of Indianapolis adopted an ordinance for the construction of a sewer, as above stated, providing, amongst other things, that a portion of the cost of such sewer should be

assessed against the lots and squares fronting upon it on both sides of Missouri street; that, on the 10th day of August, 1874, upon proper specifications and notice duly given, the contract for the construction of such sewer was let to the plaintiffs, Augustus Bruner and Russell M. Riner, who, on that day, entered into a contract, in writing, for the construction of the same; that partial estimates were made, from time to time, as the work progressed; that, on the 28th day of December, 1874, after the completion of the sewer, the city engineer reported a final and corrected estimate of the amounts due the plaintiffs for the construction of such sewer, from the several owners of real property fronting upon the same; that, on the same day, the common council adopted such final and corrected estimate as the true estimate of the respective amounts due the plaintiffs, under their contract, and ordered that all previous estimates be set aside for alleged errors in such previous estimates; also, that the amounts thus estimated to be due the plaintiffs should be severally assessed against the proper lots and squares, and the owners thereof required to pay such assessments; that, in this manner, and as a part of such proceedings, the sum of five hundred and thirty-four dollars and fifty cents was assessed against a square of ground, fronting upon and opposite to said sewer, owned by the defendants Robert C. McGill, Andrew McGill, Rebecca McGill, Jane McG. Waldo and Margaret Sullivan, as heirs at law of one Margaret McGill, deceased, and, said owners failing to pay said sum of money, a precept was issued by the common council to the treasurer of said city of Indianapolis, to enforce the collection of the same; that, from these proceedings, the defendants appealed to the circuit court.

The transcript of the proceedings before the common council did not contain the partial estimates of the amounts due the plaintiffs from time to time, above referred to, and

the defendants, for that reason, moved in the court below that the complaint be made more specific by requiring the plaintiffs to insert in it those partial estimates, but the court overruled their motion.

The defendants then demurred to the complaint for want of sufficient facts, but their demurrer was also overruled.

They thereupon answered in two paragraphs:

1. In general denial;

2. " The defendants, further answering, say, that, at the time of the passage of said ordinance for the construction of said sewer, and the entering into said contract by the plaintiffs for the construction thereof, and at the time of the completion of the same by the same, said Missouri street, * * from the north side of Market street, in said city, to Kentucky avenue, * * was and now is the property of the Indianapolis, Cincinnati and Lafayette Railroad Company, which company has, and is entitled to, the exclusive possession thereof, and owns the same in fee; that said city had not, by condemnation or otherwise, secured the right to construct said sewer along said street, all of which defendants affirm to be true; and defendants further say, that a complete determination of this controversy can not be had without the presence of the said railroad company, and ask that the court cause said company to be joined in this action as party defendant."

The plaintiffs demurred to the second paragraph of the answer, and their demurrer was sustained.

The cause was then submitted to the court for trial. There was a finding against the defendants, for the amount assessed against their property, as above set forth, with interest, and, after overruling a motion for a new trial, judgment was rendered in favor of the plaintiffs, upon the finding, declaring the amount so found due a lien upon the square of ground against which it was assessed, and ordering such square to be sold to pay said lien.

Errors are assigned:

McGill *et al. v.* Bruner *et al.*

1. Upon the refusal of the court to require the complaint to be made more specific ;

2. Upon the overruling of the demurrer to the complaint ;

3. Upon the sustaining of the demurrer to the second paragraph of the answer ; and,

4. Upon the overruling of the motion for a new trial.

The transcript, as it was certified by the city clerk, as has been said, stood in the court below as the complaint. It being a certified copy of proceedings before another tribunal, the plaintiffs had not the same control over what it contained, or might not contain, that they would have had over a complaint in an ordinary action. They could not, at their discretion, add any thing to, or subtract any thing from, it. If the transcript omitted any material proceeding had before the common council, the proper practice would have been to have moved, upon cause shown, for a *certiorari* upon, or order against, the city clerk, to supply the omission.

We, therefore, see no error in the refusal of the court to require the plaintiffs to make the complaint more specific.

The objection urged to the sufficiency of the complaint is, that it did not contain a transcript of the above named partial estimates, made from time to time, as the work on the sewer progressed.

As has been stated, these partial estimates were set aside, and a final and corrected estimate adopted in their stead. When that was done, these partial estimates ceased to be a part of the record of proceedings before the common council, and were, hence, properly omitted from the transcript sent up by the city clerk. *Ball* v. *Balfe*, 41 Ind. 221.

No objection is pointed out to the final and corrected estimate, and we see none. We are consequently justi-

fied in concluding, that there was no error in the overruling of the demurrer to the complaint.

The statute provides, that, on the trial of a case like this, upon an appeal from the common council, "no question of fact shall be tried which may arise prior to the making of the contract for the said improvement under the order of the council." 1 R. S. 1876, p. 305.

Under this provision of the statute, we think it was not competent for the defendants, after the completion of the sewer, to raise the question whether at the time of the passage of the ordinance, and the letting of the contract, for the construction of such sewer, the common council had such ownership or control of Missouri street as properly authorized it to construct the sewer in and along such street. That question might have been raised, doubtless, at the proper time by proceedings to enjoin or restrain the construction of the sewer, but it could not be set up as a defence of the action on the appeal to the circuit court. *Palmer* v. *Stumph*, 29 Ind. 329; *Moberry* v. *The City of Jeffersonville*, 38 Ind. 198.

The second paragraph of the answer tendered no material issue which the court below was authorized to try. The demurrer to it was, therefore, correctly sustained. *The City of Indianapolis* v. *Imberry*, 17 Ind. 175; *The Board of Commissioners of Allen County* v. *Silvers*, 22 Ind. 491; *Hellenkamp* v. *The City of Lafayette*, 30 Ind. 192; *The City of Lafayette* v. *Fowler*, 34 Ind. 140; *Kalbrier* v. *Leonard*, 34 Ind. 497; *McEwen* v. *Gilker*, 38 Ind. 233.

Upon the trial there was evidence tending to show, that, at the time of the passage of the ordinance for the construction of the sewer, and at the time of its construction, the ownership of Missouri street was in the Indianapolis, Cincinnati and Lafayette Railroad Company, and for that reason the appellants insist that their motion for a new trial ought to have been granted. But that evidence was

admitted over the objection of the appellees, and for reasons assigned as above, showing the insufficiency of the second paragraph of the answer, we are of the opinion that it was improperly admitted. It was, at all events, irrelevant and immaterial as a defence to the action.

We are unable to say that the court below erred in its refusal to grant a new trial, as prayed for by the appellants.

No sufficient reason has been shown for a reversal of the judgment.

The judgment is affirmed, at the costs of the appellants.