Filed Jan. 13, 1887.

## No. 12,413.

## Taber v. Ferguson.

City.—*Street Improvement.*—*Notice.*—If the common council of a city directs that notices inviting proposals for the improvement of a street shall be published in two newspapers, publication in one is not sufficient.

Same.—*Transcript.*—*Collection of Assessment.*—*Sufficiency of Notice.*—As the transcript certified by the city clerk is made by law to stand in the nature of a complaint in a proceeding by a contractor to collect an assessment, it is good on demurrer if it shows some notice. If the notice is insufficient the fact must be set up as a defence by way of answer.

Same.—*Quære,* whether in a proceeding to enforce a street assessment the sufficiency of the notice inviting proposals can be inquired into as a fact. See opinion for cases *pro* and *con.*

Same.—*Estoppel.*—*Contract.*—A property-owner can not quietly permit money to be expended on work which benefits his land, under a contract with the city, and then deny the power of the city to make the contract.

Same.—*Estimate.*—The final order of the common council directing an estimate is not affected by a previous order refusing to do so.

Same.—*Assignment of Estimate.*—*Ratification.*—A ratification by the common council of an assignment of the estimate by the contractor, is equivalent to precedent authority, and entitles the assignee to collect the assessments.

Same.—*Description of Improvement.*—A resolution of the common council providing for the improvement of a street, is sufficient if it gives a general direction as to the character of the improvement, without describing it in detail.

Same.—*Plans and Specifications.*—*Evidence.*—The plans and specifications

prepared by the city engineer are competent evidence in a suit to collect a street assessment.

From the Allen Superior Court.

*T. E. Ellison*, for appellant.

*S. E. Sinclair* and *H. C. Hanna*, for appellee.

ELLIOTT, C. J.—The validity of a street assessment ordered by the city of Fort Wayne is in question here. The resolution on which the proceedings are based is set forth in the opinion in the case of *Taber* v. *Grafmiller*, *ante*, p. 206, and some of the questions here presented were decided in that case.

The objection is made that the notice for proposals is insufficient, and that for this reason the proceedings must fail. The resolution directed the engineer to advertise in two newspapers, the Daily Sentinel and the Tri-Weekly Staats Zeitung, and the transcript shows that the advertisement was published in the Daily Sentinel, but does not affirmatively show that it was published in the Staats Zeitung. The statute does not prescribe what notice inviting proposals shall be given, but provides that the contract shall be given to the best bidder, after advertising for proposals. R. S. 1881, section 3162.

The contention of counsel that the notice must be such as the common council directs is supported by the case of *Kretsch* v. *Helm*, 45 Ind. 438, and although if the question were an open one, we might feel inclined to hold, in view of the statutory provisions, that a publication in one of two designated newspapers would be sufficient, still we feel bound by that decision on the precise point decided. We can not perceive how the failure to give a notice in two newspapers, when a fair construction of the statute would seem to make notice in one sufficient, can be held to vitiate the proceedings. We suppose that if the common council does all that the law requires, the proceedings should not be nugatory because it failed to do something that it had itself superadded. The

decision in *Kretsch* v. *Helm, supra,* can not, however, be decisive of the question here, for there the fact that the notice provided for by the ordinance was not given, was pleaded as a matter of defence, while here the question is presented by a demurrer to the transcript, which, by force of the statute, stands, in a limited sense, as a complaint. R. S. 1881, section 3165.

The provision of the statute is, that the clerk shall make out " a true and complete copy of all papers connected in any way with the said street improvement, beginning with the order of the council directing the work to be done and contracted for, and including all notices, precepts, orders of council, bonds, and other papers filed in said matter; which transcript shall be in the nature of a complaint, and to which the appellant shall answer upon rule."

It seems clear from this provision, that the transcript is not a complaint, but is in the nature of a complaint; and, certainly, it can not, in strictness, be a complaint, for the clerk is only required to certify such papers as are filed. It must be presumed that only such papers are filed as the law requires, and that the transcript need contain no others.

In the record there is a statement that notice was given, and we are of the opinion that it was incumbent upon the appellant to answer as matter of defence, that the notice was insufficient or defective. Any other rule would work great hardship to the contractor, for he can not himself amend the transcript by supplying defects, and, as there is nothing in the statute requiring the filing of notices or proofs, the clerk is not bound to certify them, and hence it can not be inferred that because they are not in the transcript they were not given as the resolution directed. If the transcript contains such papers as, under the law, must come into the hands of the clerk, it should be regarded as *prima facie* sufficient. The transcript ought not to be considered as a complaint, in the just sense of the term, for the real party in interest, the contractor, does not frame it; on the contrary, it is the record

Taber *v.* Ferguson.

of a public officer of papers filed in his office. He is only required to certify to such papers as are filed, and, therefore, we do not think that the failure to set forth proof of notice in the transcript renders it bad on demurrer. We think that where the transcript affirmatively shows that some notice was given, the property-owner is put to his defence, although no proof of notice is set forth in the transcript. We have not been able to find any provision of the statute requiring proof of notice of publication to be filed, and as there is no such provision, it can not be held that the transcript must show the filing of the proof. It should not be condemned because a notice not required by law to be embodied in it is not there. We do not, of course, decide that an assessment is good without notice; but what we decide is that the proof of notice need not be embodied in the transcript, and if the notice was insufficient, it should be set up by way of defence, as it was in *Kretsch* v. *Helm, supra.*

If any papers which form part of the proceedings of the council, or which were to be filed with them or with the clerk, were omitted from the transcript, then, doubtless, it should be held that the transcript is not good as a complaint; but the non-appearance of papers or proof not required to be filed with the common council or the clerk, and not forming part of the proceedings, should not condemn it.

There are notices which must of necessity be filed with the clerk or incorporated in the records of the common council, as for instance, notice of the precept, of the sale and the like, and it is to such notices that reference is made by the clause of the statute we have quoted.

It is a just and reasonable presumption that the common council having declared the notice sufficient, it was, at least, *prima facie* good, for they are public officers acting under oath. It does not require a formal order or declaration to establish the council's opinion upon the sufficiency of the notice. This is sufficiently evidenced by acting upon the notice without any formal order. *Updegraff* v. *Palmer*, 107 Ind.

181. The fact that the record discloses some notice, and the fact that the judgment of the common council shows that it was deemed sufficient, are enough to put the property-owner to his defence by way of answer.

There is another view which strengthens our conclusion that where it appears that there was some notice the property-owner must answer that it was insufficient, and that view is this: A contractor has a right, in a proper case, although the proceedings are irregular, to avail himself of an estoppel, and if we should hold that the property-owner is not required to answer the insufficiency of the notice where there is some notice, it would result in depriving the contractor of this right, for, as the transcript constitutes the only complaint which can be filed, and as the law directs what it shall contain, the contractor can not inject into it any other matters. That an estoppel may be made available in a proceeding to recover a street assessment is well established by the authorities. The rule is thus stated in a late work: "Thus, a property-holder can not quietly permit money to be expended in work which benefits his land, under a contract with the city, and then deny the power of the city to make the contract." 2 Herman Estoppel and Res Judicata, section 1221. This principle has been fully recognized and strongly asserted by this court. *Hellenkamp* v. *City of Lafayette*, 30 Ind. 192; *City of Evansville* v. *Pfisterer*, 34 Ind. 36 (7 Am. R. 214); *City of Lafayette* v. *Fowler*, 34 Ind. 140; *City of Logansport* v. *Uhl*, 99 Ind. 531 (50 Am. R. 109), see p. 541.

The cases elsewhere sustain this doctrine, as will appear from an examination of the authorities referred to by the author from whom we have quoted. The principle has been given effect in tax and drainage cases. *Peters* v. *Griffee*, 108 Ind. 121; *Flora* v. *Cline*, 89 Ind. 208; *Muncey* v. *Joest*, 74 Ind. 410, see pp. 413, 414; *Nevins, etc., Co.* v. *Alkire*, 36 Ind. 189; *Ricketts* v. *Spraker*, 77 Ind. 371, see pp. 381, 382.

If it be true, as it certainly is, that a contractor may avail

himself of an estoppel, then it must be true that some op-
portunity must be given him to plead it, and this opportu-
nity he could not have if it were held that such a transcript
as the one before us is fatally bad on demurrer, since that
would shut out any estoppel.   The fair and reasonable pro-
cedure in such cases as this, where the transcript certified by
a public officer is made by law to stand in the nature of a
complaint, and there is some notice affirmatively shown, is to
require the property-owner to answer, and permit the con-
tractor to reply.

Under the rule as declared in *Martindale* v. *Palmer*, 52 Ind.
411, the question as to the sufficiency of the notice can not
be made available, for it was there said, in speaking of the
insufficiency of a notice inviting proposals, that "This can
not be inquired into as a fact, as the statute expressly pro-
vides, 'that no question of fact shall be tried which may arise
prior to the making of the contract for the said improve-
ment under the order of the council.' Section 71, 3 Ind. Stat.
102 ; *The City of Indianapolis* v. *Imberry*, 17 Ind. 175."

The case cited by the court undoubtedly sustains this doc-
trine, and so do the cases of *Palmer* v. *Stumph*, 29 Ind. 329,
*Board, etc.*, v. *Silvers*, 22 Ind. 491, and *McGill* v. *Bruner*, 65
Ind. 421.

These cases can not, however, be easily reconciled with the
cases of *Kretsch* v. *Helm, supra*, *McEwen* v. *Gilker*, 38 Ind.
233, *Moberry* v. *City of Jeffersonville*, 38 Ind. 198, or *Brook-
bank* v. *City of Jeffersonville*, 41 Ind. 406.

We do not deem it necessary to undertake to determine
which line of decisions is the better one, for we think the
question may be decided without entering the field of con-
flict.   In view, however, of the strong and clear language of
the statute, and of the conflict in the authorities, we deem it
proper not to extend the rule adopted in *McEwen* v. *Gilker*,
*supra*, to such a case as this, nor do we feel inclined to give
it, directly or indirectly, our approval, but we leave the ques-

Taber *v.* Ferguson.

tion open for further consideration, since it is now left unde-
cided by the conflict in the cases.

It appears in the transcript that the common council at one
time refused to order an estimate, but that after some litiga-
tion, the character of which is not disclosed, an estimate was
ordered. We think it clear that the final action of the com-
mon council is the governing one, for we do not believe that
intermediate orders can overturn the final order. This is
substantially held in the case of *McGill* v. *Bruner, supra.*

The record shows that the contract was made with Chris-
tian Grafmiller, and that he executed to John Ferguson the
following assignment: "For value received, I hereby assign
and transfer the within estimate to John Ferguson, July 28th,
1884. Christian Grafmiller."

The only objection to the assignment that is important
enough to merit especial consideration, is, that it does not
appear that the common council consented to the assignment
by Grafmiller. We think that the acceptance by the com-
mon council of Ferguson's affidavit as the assignee of Graf-
miller, and the action taken thereon, were a ratification of
the assignment, and, as is well known, a subsequent ratifica-
tion is equivalent to precedent authority. We do not per-
ceive how the property-owner could have been prejudiced by
the assignment of the estimate, for that was little else than
an evidence of a debt, and a step in the process of collecting
it, so that the question is very different from what it would
be had there been an assignment of the contract. The dif-
ference between an assignment of the contract made before
the work was done, and an assignment of the estimate issued
after the work was performed, is so obvious as not to require
illustration. But we do not deem it proper to do more than
decide that the subsequent ratification of the assignment of
the estimate was equivalent to a precedent authority, so that
there is no question as to the right of the appellee to collect
the assessment.

It was proper to file the assignment with the city clerk, and

when filed, it became part of the papers connected with the proceedings which it was his duty to embody in the transcript. It is, therefore, properly in the record certified to the circuit court.

We held in *Taber* v. *Grafmiller, supra,* that the resolution was sufficient, inasmuch as it gave a general direction as to the character of the improvement, and that holding is sustained by the cases cited, as well as by the case of *Martindale* v. *Palmer, supra.* The language of the ordinance in that case was that the street "be properly graded according to stakes set by the chief engineer, and that the same be paved with the Nicholson or wooden block pavement," and the court held, that it was sufficient, saying: "That which can be made certain is certain." In *Burr* v. *Town of Newcastle,* 49 Ind. 322, it was held, that an ordinance establishing the grade of the streets of the town was not invalid if the grades could be ascertained without difficulty. We think this principle applies here, for no one can be in doubt as to the character of the pavement proposed to be laid.

It is objected that the plans and specifications prepared by the engineer were not competent. We think otherwise. They were prepared before the notice inviting proposals was given, and showed in detail the character of the work which the city desired done. The statute expressly makes it the duty of the engineer to prepare plans and specifications, and certainly plans and specifications prepared by an officer expressly authorized by law to prepare them must be competent evidence.

It was not necessary to prove the execution of the assignment, for it was certified by the clerk as part of the papers filed in the proceedings. If the appellant desired to dispute the validity of the assignment, a proper plea should have been filed.

The record does not show that it contains all the instructions given by the court, and it can not be said that it affirmatively appears that any error was committed in refusing

instructions asked by the appellant. For aught that appears, instructions fully covering those refused were given by the court. *Kennedy* v. *Anderson,* 98 Ind. 151; *Newcomer* v. *Hutchings,* 96 Ind. 119; *Mitchell* v. *Tomlinson,* 91 Ind. 167; *Pittsburgh, etc., R. R. Co.* v. *Noel,* 77 Ind. 110.

Judgment affirmed.

Filed Jan. 11, 1887.