The City of Greenfield *v.* The State, *ex rel.* Moore.

No. 12,510.

THE CITY OF GREENFIELD *v.* THE STATE, EX REL. MOORE.

CITY.—*Street Improvement.*—*Contract for.*—*Duty of Council to Order Estimate.*—*Remedy.*—*Mandamus.*—Where a contract, valid on its face, is entered into with the common council of a city for the improvement of a street, the expense of which is to be collected from adjacent lot-owners, and work is performed under it, it is the duty of the council to order an estimate, when applied for, leaving the validity of the contract to be controverted by the property-owners; and in case of a refusal to order such estimate, mandamus is an appropriate remedy.

VERDICT.—*General verdict Not Controlled by Answers to Interrogatories.*—*Practice.*—The answers of a jury to interrogatories will not prevail against or control the general verdict unless they are irreconcilable with it.

SUPREME COURT.—*Judgment.*—*Form of.*—*Motion to Modify.*—*Practice.*—No objections to the form of a judgment will be considered in the Supreme Court unless there has been a motion to modify addressed to the trial court.

From the Hancock Circuit Court.

*C. G. Offutt* and *R. A. Black,* for appellant.

*J. A. New* and *J. W. Jones,* for appellee.

ELLIOTT, J.—The petition of the appellee alleges that on the 4th day of September, 1884, the appellee entered into a written contract with the common council of the city of Greenfield, wherein it was agreed that he should grade and gravel Noble street in that city, and that the expense of the improvement should be collected from adjacent lot-owners, except the cost of improving street and alley crossings; that

he performed part of the work described in the contract, and demanded that an estimate be ordered, but his demand was refused.    A writ of mandate is prayed.

Three objections are urged against the petition:

1st.  That it does not aver that any order directing the improvement was made by the common council.

2d.  That it does not aver that there was an advertisement for bids.

3d.  That it does not aver that any bids were received.

These averments are lacking, for the copy of the contract filed with the petition can not be considered as part of it, because it does not constitute the foundation of the pleading, nor do the recitals aid the petition, for it is well settled that material facts must be directly averred, and not stated by way of recital.   We must, therefore, treat the petition as destitute of the averments referred to, and consider it as it stands upon the material facts sufficiently pleaded.    This is necessarily our duty, for the reason that a demurrer admits only such facts as are properly pleaded.

We have concluded, not without some hesitation, that the petition. although not well drawn, must be considered good. It shows a contract with the municipality, and work done under it, and we think it was the duty of the common council to order the estimates, leaving the validity of the contract to be controverted by the property-owners.   Having entered into a contract with the appellee, valid on its face, the corporate authorities ought to put the machinery in motion to enable him to collect the compensation promised him.    The city can not be allowed to impose upon its contractor the burden of affirmatively showing the validity of its own contract, where nothing more is asked of it than that the legal steps required to enable its contractor to secure pay for his work shall be taken by its officers.    If there are objections to the validity of the contract, it is for the property-owners to urge them, and the city should decline to put any obstacle in the contractor's way unless he is guilty of some wrong.

It is the duty of its officers to act upon the assumption that the contract was valid, for they ought not to presume that a wrong was done by any corporate officer. It can work no injury to the city to order the estimates promised the contractor. As it has contracted to do this, we think it should be presumed, until the contrary appears, that the contract is enforceable. This is especially so in view of the fact that the statute provides that "no question of fact shall be tried which may arise prior to the making of the contract." Section 3165, R. S. 1881. *Taber* v. *Ferguson*, 109 Ind. 227.

There has, we know, been much diversity of opinion upon the question presented by the statute, but we think the better opinion is that it is valid and must be enforced as it is written. *City of Indianapolis* v. *Imberry*, 17 Ind. 175; *Board, etc.,* v. *Silvers*, 22 Ind. 491; *Palmer* v. *Stumph*, 29 Ind. 329; *Martindale* v. *Palmer*, 52 Ind. 411; *McGill* v. *Bruner*, 65 Ind. 421; *Taber* v. *Ferguson, supra.* But, whatever may be the true rule upon this subject in a case between the contractor and the property-owner, our judgment is that it is not for the city to determine this, or any similar legal question, where it has entered into a contract valid on its face; but it is the duty of its officers in such a case to order and prepare the proper estimates. This holding is fully supported by the carefully considered case of *Wren* v. *City of Indianapolis*, 96 Ind. 206.

No harm can result to the city in awarding the estimates, for if the contractor can not collect the assessment from the property-owners he must bear the loss. *City of New Albany* v. *Smith*, 16 Ind. 215; *Johnson* v. *City of Indianapolis*, 16 Ind. 227; *Balfe* v. *Lammers*, 109 Ind. 347.

If the city may impose upon the contractor the burden of showing that it had a right to make the contract it assumed to make, then we should have a contracting party insisting that its adversary shall affirmatively show that it was not a wrong-doer. This would be a subversion of principle as unjust as it is indefensible.

The case is not one where there is an act beyond the authority of a corporation, for here there is plenary statutory authority, and the only question is whether the necessary steps were taken by sworn officers of a public corporation. Our conclusion is, that when a contract, valid on its face, is shown, the presumption is that the corporate officers did their duty. *Mechanics' Banking Ass'n* v. *Spring Valley, etc., Co,* 25 Barb. 420. Either this must be so, or we must attribute to them a violation of duty, and this can not be done without running counter to one of the fundamental maxims of jurisprudence:

It is only where the answers of a jury to interrogatories are irreconcilable with the general verdict that they will prevail. No presumptions are made in favor of the answers to interrogatories; but, on the contrary, all reasonable intendments are made in favor of the general verdict. *Redelsheimer* v. *Miller,* 107 Ind. 485, and cases cited; *Rice* v. *City of Evansville,* 108 Ind. 7, and cases cited.

It is clear, that, under these established rules, the special answers of the jury can not control their general verdict.

No objections to the form of a judgment will be considered in this court unless there has been a motion to modify addressed to the trial court.

The evidence is not in the record, and the instructions must be regarded as correct and relevant to the case made by the evidence.

Judgment affirmed.

Filed Jan. 21, 1888; petition for a rehearing overruled April 25, 1888.