Ross v. Stackhouse.

Judgment reversed.

Filed March 10, 1888.

No. 13,157.

ROSS v. STACKHOUSE.

CITY.—*Street Improvement.*—*Common Council.*—*Rejection of Bids.*—*Right to Reconsider.*—The common council of a city, which has rejected all bids received in pursuance of due notice of the letting of a contract for a street improvement, may, at a subsequent meeting, without a re-advertisement for bids, reconsider the vote of rejection and award the contract to one of the original bidders.

SAME.—*Assessment.*—*Appeal from Precept.*—Where the common council has, by the publication of notice, which it adjudges sufficient, acquired jurisdiction to let a contract, section 3165, R. S. 1881, upon an appeal from a precept to enforce an assessment, precludes any inquiry into such incidental facts as the rejection of bids and the subsequent reconsideration of the vote of rejection.

SAME.—*Acquiescence of Property-Owner.—Estoppel.*—Unless the proceedings under which a street improvement is being made are totally void, a property-owner who stands by without objection, and receives the benefit of the work being done by the contractor, is estopped to thereafter question the legality of the proceedings.

SAME.—*Sufficiency of Ordinance for Improvement.*—An ordinance providing that a street shall be " improved by gravelling in street, brick sidewalks and paved gutters," according to specifications to be prepared by the city civil engineer, and providing for the advertisement for bids and the assessment of abutting property, is not void for uncertainty, but is sufficient to authorize the letting of a contract for the work.

From the Tippecanoe Circuit Court.

*G. O. Behm, A. O. Behm, R. P. Davidson* and *J. C. Davidson,* for appellant.

*W. D. Wallace* and *F. B. Everett,* for appellee.

MITCHELL, C. J.—Stackhouse appealed from a precept issued by order of the common council of the city of Lafayette, in favor of John A. Ross, for the collection of assessments made upon the property of the former, the latter having, as is alleged, duly completed a contract entered into with the city for the improvement of a certain street. A transcript of all the proceedings had before the common council was filed in the circuit court. It appeared that a properly entitled ordinance had been duly adopted on the 20th day of November, 1882, in and by which it was ordained, among other things, " that Fifth street, from the south line of Alabama street to the north line of Romig street, be improved by gravelling in street, brick sidewalks and paved gutters," according to specifications to be prepared by the city civil engineer. The ordinance further required that the city clerk should advertise for bids, after the specifications had been prepared by the engineer and adopted by the council, and provision was also made for assessing the cost of the improvement against the abutting property.

The letting of the work was duly advertised, and, on the 18th day of December, 1882, at a regular meeting of the common council, all the bids, including one made by Ross,

were, by a vote of the council, rejected. Subsequently, on the 15th of the following January, Ross applied to the council and demanded a reconsideration of the vote by which the bids were rejected, on the ground that he was entitled to the contract, his being, as he asserted, the lowest and best bid submitted. Afterwards, on the 5th day of February, 1883, the council reconsidered its action, and let the contract to Ross, he having proposed to do the work for some three hundred dollars less than any other bidder. The work was duly executed by the contractor and accepted by the city, final estimates having been regularly made and approved before the precept appealed from was ordered.

The court sustained a demurrer to the transcript, which, under the statute, constitutes the complaint on appeal, in a proceeding such as this. The contractor, Ross, prosecutes this appeal.

The ruling of the circuit court is defended upon two grounds. It is argued that the proceedings of the common council in ordering, and contracting for, the improvement were void, (1) because, having once exercised the right of decision by rejecting all bids, and then adjourning generally, it is insisted that its power to let the work was thereby exhausted, and that it could not proceed without ordering a new advertisement. (2) It is contended that the ordinance, as above set out, under which the improvement was made, was too vague and indefinite to constitute a valid order for the work.

While it is true that the statute prohibits the trial of any question of fact which arose prior to the making of the contract for a street improvement, it is nevertheless essential that the transcript should show the taking of such jurisdictional steps as legally authorized the common council to contract for the improvement. It must appear that the letting of the contract was advertised. In the absence of notice inviting proposals for the work, the contract will be invalid. *Moore* v. *Cline*, 61 Ind. 113; *Overshiner* v. *Jones*, 66 Ind. 452;

*Yeakel* v. *City of Lafayette,* 48 Ind. 116; *Baker* v. *Tobin,* 40 Ind. 310; *Moberry* v. *City of Jeffersonville,* 38 Ind. 198; *City of Indianapolis* v. *Imberry,* 17 Ind. 175·; *Anthony* v. *Williams,* 47 Ind. 565.

In the present case, it is not denied but that the letting of the contract was properly advertised in the first instance, but it is said, because the common council voted to reject all the bids, its power in respect to that advertisement and letting was at an end, and that all its subsequent proceedings were void.

It is settled that where the act or decision of a common council, or other similar body, is done or made in pursuance of notice which the law requires, and is in its nature such as to adjudicate upon, or determine, or affect the substantial personal or property rights of those notified, a decision once rendered can not ordinarily be rescinded or set aside. *City of Madison* v. *Smith,* 83 Ind. 502. This rule has no application, however, to matters of a merely administrative or legislative character. Bodies having cognizance of such subjects may modify, repeal or reconsider their action in regard to matters of that nature, at any time, provided the vested rights of others are not thereby affected. Over such matters they exercise a continuing power. *Welch* v. *Bowen,* 103 Ind. 252; *Board, etc.,* v. *Fullen,* 111 Ind. 410.

The purpose of requiring the letting of contracts for street improvements to be advertised is to secure fair competition, and to enable the common council to let the contract upon the most advantageous terms. 1 Dill. Munic. Corp., section 468. The advertisement is not to give notice to the property-holders, nor does the letting of the contract adjudicate upon or determine in any degree their personal or property rights. The matter of accepting or rejecting bids, and of letting the contract, is purely administrative in character, depending entirely upon the discretion of the common council. *Platter* v. *Board, etc.,* 103 Ind. 360.

The right to reconsider measures, in pursuance of rules

adopted for its government, inheres in every body possessed of legislative power, and unless such right be exercised unreasonably and for a fraudulent purpose, to the injury of the complaining party, courts can not interfere. It does not appear but that the council, in reconsidering its previous vote, proceeded in strict conformity to its rules, and, as no rights had attached, we can perceive no sufficient reason for holding its proceedings void.

Without considering that feature of the case further, we are quite certain, since the record shows that the letting of the contract was advertised, that the rejection of the bids and the subsequent reconsideration of its vote by the common council can not render the notice which appears in the record, and which the council must have adjudged sufficient, of no effect. Section 3165, R. S. 1881, declares, in effect, that no question of fact shall be tried on appeal, in a case like the present, which may have arisen prior to the making of the contract for the improvement. Where the record shows that notice was given, which the council must have deemed sufficient, the effect of the statute is to exclude any further inquiry on that subject, as well as concerning any other fact which may or must have arisen, if at all, prior to the making of the contract for the improvement. *Martindale* v. *Palmer*, 52 Ind. 411; *McGill* v. *Bruner*, 65 Ind. 421; *Hellenkamp* v. *City of Lafayette*, 30 Ind. 192.

The rejection of the bids and the reconsideration of its vote by the common council were facts which occurred prior to the making of the contract. After the work has been done the contract can not be overthrown by going back and appealing to these facts. Where it affirmatively appears that the jurisdictional steps have been taken, upon which the power of the common council to contract depends, a contractor may rely upon the record, even though the jurisdictional facts may appear imperfect and irregular. After he has entered upon the work and expended money and labor for the benefit of the property-owner, the latter will not be

permitted to impair or break down the jurisdiction upon which the contractor may have relied, by bringing forward merely incidental matters, or by proof of extraneous facts, unless fraud or collusion be shown.

The issues to be tried in a case like the present are, whether or not, in ordering the work and letting the contract, the common council proceeded under color of the statute, whether the work has been done in whole or in part according to the contract, and whether an estimate has been duly made of the work. *Gulick* v. *Connely*, 42 Ind. 134; *Ball* v. *Balfe*, 41 Ind. 221; Section 3165, R. S. 1881.

Some of these are issues of law to be tried by the record, while in respect to all such matters as arose after the contract was entered into, issues of fact may be made and tried.

In the present case the transcript shows that due notice was given, advertising the fact that on a day named the contract would be let. It shows that bids were received and that the contract was let upon what the common council adjudged to be a sufficient notice. Having acquired jurisdiction by the publication of notice to let the contract, the statute effectually precludes any inquiry into such merely incidental facts as the rejection of the bids in the first instance, and the subsequent reconsideration of its vote by the common council.

Regardless of the statute, however, it must be considered as settled by the decisions, and upon established principles, that where it appears, in a proceeding of this character, that an attempt was made to give notice, and that some notice was given, which the body charged with the duty of acting adjudged to be sufficient, a party whose property is to be benefited by the improvement can not quietly stand by and receive the benefit and then question the regularity of the proceedings. *Taber* v. *Ferguson*, 109 Ind. 227; *Taber* v. *Grafmiller*, 109 Ind. 206; *Balfe* v. *Lammers*, 109 Ind. 347; *City of Lafayette* v. *Fowler*, 34 Ind. 140; *Peters* v. *Griffee*, 108 Ind. 121; *Updegraff* v. *Palmer*, 107 Ind. 181.

Unless the proceedings are so radically defective as to be

totally void, a contractor, who has executed the work, may invoke the doctrine of estoppel for his protection. Where the record of the proceedings shows color of jurisdiction, the property-owner, until the contrary appears, will be presumed to have had notice of the progress of an improvement from which his property was being benefited—*Taber* v. *Ferguson, supra*—and having notice, and failing to object, and arrest the improvement, until the benefit has accrued, he will be deemed to have ratified the proceedings as fully as does one who receives the proceeds of a judgment or sale, with knowledge of inherent infirmities which render it voidable or even void. *Fletcher* v. *McGill,* 110 Ind. 395, 404.

Special assessments for street and other similar improvements are upheld upon the theory that each lot or tract of land assessed is benefited in a special and peculiar manner, in a sum equal to the amount estimated or assessed against it. The lien is, therefore, enforceable against the land, upon the theory that the owner has received a personal and pecuniary benefit by the improvement, which the citizens do not share in common. *Heick* v. *Voight,* 110 Ind. 279 ; *Lipes* v. *Hand,* 104 Ind. 503 ; *Chamberlain* v. *Cleveland,* 34 Ohio St. 551 ; *Stuart* v. *Palmer,* 74 N. Y. 183 ; *Hammett* v. *Philadelphia,* 65 Pa. St. 146.

Unless, therefore, the law under which the assessment is imposed makes no provision for notice, or unless the proceedings under which the proposed improvement is to be made are totally void for want of the observance of some condition necessary to the attaching of jurisdiction, the work can not be arrested at any stage ; and in any event, one who acquiesces, with knowledge, until after the improvement has been completed, can not escape payment for the actual benefits received, even though the proceedings turn out to be void, provided the contractor proceeded in good faith and without notice from the property-owner. He can not enjoy the benefits and escape the burden, unless he interferes or gives notice before the benefit is received.

In respect to the. claim that the ordinance directing the improvement was void for vagueness and uncertainty, it is only necessary to say, that within the ruling in *Taber* v. *Grafmiller, supra,* the point is not well made.

No other objections having been pointed out, we assume that the transcript was otherwise unobjectionable.    It follows from what has preceded that the circuit court erred in sustaining the demurrer to the complaint.

The judgment is reversed, with costs.

Filed March 27, 1888.