Sims *v.* Hines.

Filed Jan. 17, 1890.

---

## No. 14,026.

## SIMS *v.* HINES.

STREET IMPROVEMENT.—*Assessment for.*—*Appeal from Judgment Enforcing.* —*What can not be Inquired into.*—*Transcript.*—*City.*—In an appeal from a judgment enforcing an assessment made for a street improvement, where the transcript shows jurisdiction, no question of fact can be tried which arises prior to the making of the contract. Nor will any defect or irregularity which occurred prior to that time affect the right of the contractor to enforce collection of the assessment. *Moberry* v. *City of Jeffersonville,* 38 Ind. 198; *McEwen* v. *Gilker,* 38 Ind. 233, and *Kretsch* v. *Helm,* 45 Ind. 438, overruled.

SAME.—*Pleading.*—*Demurrer.*—Although irregularities or errors may be disclosed by the transcript, a demurrer will not lie, unless the errors or irregularities affirmatively appear to have occurred after the contract was entered into with the city.

SAME.—*Defence.—How Must be Pleaded.—Answer.—Reply.*—If there is any defence, except a jurisdictional one, it must be made by way of answer in order to give the contractor an opportunity to avoid it, if he can, by way of reply.

SAME.—*Contract for Street Improvement.—Assignment of.—Recognition of Assignment by Common Council.*—Where the transcript affirmatively shows that the assignment of a contract for a street improvement was recognized and acted upon as valid by the common council, it will be sufficient, although there was no formal order entered approving the assignment.

SAME.—*Other Assessments.—Can not be Inquired into.*—The validity or accuracy of any other assessment than the one sought to be enforced can not be questioned. If that appears to be accurate and enforceable the contractor is entitled to judgment.

SAME.—*Street Improvement Contract.— City May Change.*—The governing body of a city may, within reasonable limits, modify and change contracts for the improvement of streets.

SAME.—*What May be Tried on Appeal.—Right of Legislature to Declare.—Evidence as to Damages.—Admissibility of.*—Upon an appeal from a judgment enforcing a street improvement assessment, section 3165, R. S. 1881, prescribes what shall be tried, and in such a proceeding evidence is not admissible to show that the contractor wrongfully removed gravel and other material. Such alleged damages can not be set off against the assessment. The Legislature has the power to declare what questions shall be and what questions shall not be tried on appeal.

From the Clinton Circuit Court.

*J. N. Sims* and *J. V. Kent,* for appellant.

*O. E. Brumbaugh* and *W. R. Hines,* for appellee.

ELLIOTT, J.—The appellant prosecutes this appeal from a judgment enforcing an assessment made for a street improvement, and his principal contention is that the transcript, which the statute declares shall be a complaint, is insufficient.

The statutory provision is a singular one, inasmuch as it makes the transcript of the proceedings of the city authorities the complaint of the plaintiff; although, in fact, he has nothing to do with the proceedings, for they are conducted by the representatives of the municipality. The property-owner really assails the proceedings of those who are his chosen representatives, and not the acts of the contractor,

when he demurs to the transcript, and it would seem that, in strict right, he should not profit by errors committed prior to the time the contractor acquires a special interest in the matter. Our statute recognizes the injustice of holding the contractor to a rigid accountability for the proceedings of the municipal officers, for it provides that " no question of fact shall be tried which may arise prior to the making of the contract for the said improvement under the order of the council," and it also explicitly declares what questions shall be tried. R. S. 1881, section 3165. This provision secures the contractor some protection, and really does the property-owner no harm ; for what chiefly interests the property-owner follows the contract, as a general rule, and little is lost to him by precluding him from litigating questions which arise prior to the execution of the contract. It is, at all events, nothing more than justice to require a property-owner, who opposes the proceedings, to make known his objections before the contractor is fastened by his contract ; and it is but fair to the contractor to relieve him from accountability for what occurs prior to the time he acquires a special interest in the proceedings. This right is fully open to the property-owner, and the fault is his own if he does not avail himself of it. We do not adduce these arguments for the purpose of proving that the Legislature has the power to enact a law providing that the property-owner shall be estopped from litigating questions which arise prior to the time the contract is entered into, for that question is settled by authority ; but our purpose is to show that the Legislature intended to give full effect to a just and equitable principle by express enactment, and that the intention of the Legislature should be so carried into effect as to make the statute operate beneficially and equitably.

There can be no doubt that the Legislature has power to declare what questions shall be and what questions shall not be tried on appeal. It has, indeed, the authority to deny an appeal and to make the decision of the municipal officers

final and conclusive. *State* v. *Mayor, etc.*, 29 N. J. Law, 441 ; *Ricketts* v. *Village of Hyde Park*, 85 Ill. 110; *Murray* v. *Tucker*, 10 Bush, 240 ; *Dougherty* v. *Miller*, 36 Cal. 83 ; *Emery* v. *Bradford*, 29 Cal. 75 ; *Fass* v. *Seehawer*, 60 Wis. 525.    If the Legislature can, as the authorities declare it may do, entirely deny an appeal, there can be no question as to its right to limit the questions which may be tried.

Our decisions were for a long time entirely harmonious in holding the provision of the statute to which we have referred to be valid and effective.    *City of Indianapolis* v. *Imberry*, 17 Ind. 175; *Board, etc.*, v. *Silvers*, 22 Ind. 491 ; *Palmer* v. *Stumph*, 29 Ind. 329 ; *Hellenkamp* v. *City of Lafayette*, 30 Ind. 192 ; *Kalbrier* v. *Leonard*, 34 Ind. 497 ; *Gulick* v. *Connelly*, 42 Ind. 134 ; *Martindale* v. *Palmer*, 52 Ind. 411.

Unfortunately, however, some of the cases departed from the earlier decisions, as well as from principle, and asserted a somewhat different rule.    *Moberry* v. *City of Jeffersonville*, 38 Ind. 198 ; *McEwen* v. *Gilker*, 38 Ind. 233; *Kretsch* v. *Helm*, 45 Ind. 438.

But the later cases give support to the earlier, and deny the soundness of those which left the true line.    *Johnson* v. *Allen*, 62 Ind. 57 ; *McGill* v. *Bruner*, 65 Ind. 421 ;    *City of Fort Wayne* v. *Shoaff*, 106 Ind. 66 ; *Taber* v. *Ferguson*, 109 Ind. 227 ;    *Taber* v. *Grafmiller*, 109 Ind. 206 ; *Weaver* v. *Templin*, 113 Ind. 298 (301); *City of Greenfield* v. *State, ex rel.*, 113 Ind. 597 ; *Wiles* v. *Hoss*, 114 Ind. 371 ; *Clements* v. *Lee*, 114 Ind. 397 ; *Ross* v. *Stackhouse*, 114 Ind. 200 ;    *City of Elkhart* v. *Wickwire*, *ante*, p. 331 ; *Jackson* v. *Smith*, 120 Ind. 520.

It is our duty to declare which line of cases shall be followed, that represented by *Moberry* v. *City of Jeffersonville*, *supra*, or that represented by *Palmer* v. *Stumph*, *supra*, and we have no hesitation in adjudging that the doctrine of the case last named is the one which should prevail, and that the doctrine of *Moberry* v. *City of Jeffersonville*, *supra*, and cases following it, should be declared to be overruled, in so far as

it is in conflict with the earlier and the later cases.   As was shown in *Taber* v. *Ferguson, supra,* the doctrine which we here assert is the only one which can be applied without working injustice in many cases.   Our conclusion is that where the transcript shows jurisdiction no question of fact can be tried which arises prior to the making of the contract, nor will any defect or irregularity which occurred prior to that time affect the right of the contractor to enforce collection of the assessment.   From this it necessarily results that, although irregularities or errors may be disclosed by the transcript, a demurrer will not lie unless the errors or irregularities affirmatively appear to have occurred after the contract was entered into with the city.   If, to state the conclusion in a somewhat different form, there is jurisdiction, although there may be defects and irregularities, no questions can be tried except such as arise after the execution of the contract.

This conclusion is essential in many cases to secure to the contractor the payment for work done under such circumstances as render it inequitable for the property-owners to interpose a defence, for any other rule would preclude the contractor from taking advantage of an estoppel, as well as from showing that the improvement was really made upon the petition and under the direction of the property-owner. As the law frames the complaint for the contractor, he can neither add to it nor take from it, and it would be a gross perversion of justice to hold him irrevocably bound by what occurred before he became especially interested in the proceedings.   The statutory provision is plain and unambiguous, equitable and just in its effects, valid and mandatory in its terms, and there is no plausible reason which will warrant the courts in overthrowing it.

If there is any defence, except a jurisdictional one, it must be made by way of answer in order to give the contractor an opportunity to avoid it, if he can, by way of reply.

The fact that the original contractor was not made a party

to the action was no cause for demurrer. The record showed that he had assigned his interest in the contract, and as the assignee neither framed the transcript, nor had any right to alter it, he could not make it show anything more than the proceedings of the municipal authorities. But it is unnecessary to consider this question, for the assignor was afterwards brought in, and no harm resulted to the appellant, even upon the concession that the fact that the assignor was not a party made the complaint defective.

The statute provides that partial estimates may be made to contractors during the progress of the improvement. R. S. 1881, section 3164.

The appellant has not pointed out any particular in which the affidavit for a precept is not in accordance with the statute. We do not regard the fact that both the original contractor and his assignee made affidavits as injuriously affecting the rights of the appellant. If one affidavit was sufficient no harm was done in filing an affidavit not needed ; if two were required, then there was no error in filing two instead of one.

We have no doubt that a contract for the improvement of a street may be assigned, with the consent of the common council. *Taber* v. *Grafmiller, supra.* Where the transcript affirmatively shows that the assignment was recognized and acted upon as valid by the common council, it will be sufficient, although there was no formal order entered approving the assignment. In the case of *Deffenbaugh* v. *Foster,* 40 Ind. 382, it was not shown that there was any assignment, and, of course, where there was no assignment there could be neither implied consent nor express approval.

The appellant can not question the validity or accuracy of any other assessment than the one sought to be enforced ; if that appears to be accurate and enforceable the contractor is entitled to judgment. *Balfe* v. *Bell,* 40 Ind. 337. This general doctrine has been again and again enforced in cases growing out of assessments for the construction of drains and gravel roads, and it is, as we believe, the true one.

It is evident that it would be almost impossible to carry on the work of improving streets without investing the municipal authorities with some discretionary authority to change and modify contracts, and the courts have, therefore, wisely held that the governing body of a city may, within reasonable limits, modify and change contracts, for the improvement of streets. *Board, etc.,* v. *Silvers, supra; Hellenkamp* v. *City of Lafayette, supra.*

The right to enforce the collection of the assessment is not impaired by the fact that the contract contains a provision for disposing of surplus earth. This would be true even if it were conceded that the appellant is not estopped from presenting such a question ; and even if it were further conceded that the provision is illegal.

But it is quite clear, from what we have already said, that the question is one which the statute declares shall not be tried on appeal. *Jenkins* v. *Stetler,* 118 Ind. 275.

The evidence which the appellant offered upon the subject of the alleged wrongful act of the contractor, in removing gravel and other material, was properly excluded. The statute defines and limits the issues which may be tried on appeal, for it provides that: "And in case the court and jury shall find, upon trial, that the proceedings of said officers, subsequent to said order directing the work to be done, are regular; that a contract has been made; that the work has been done, in whole or in part, according to the contract ; and that the estimate has been properly made thereon—then said court shall direct the said property to be sold and conveyed." R. S. 1881, section 3165. As the Legislature has thus indicated what shall be tried on appeal, as it had a right to do, the appellant can not set off his alleged damages against the assessment, but must resort to some other remedy.

Judgment affirmed.

Filed Jan. 28, 1890.