CASE 35.—ACTION BY ALLYN & BACON AGAINST THE LOUISVILLE SCHOOL BOARD AND OTHERS FOR AN INJUNCTION RESTRAINING THEM FROM DISCONTINUING THE USE OF APPELLANTS' BOOKS. —January 15.

# Allyn & Bacon v. Louisville School Board, &c

Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

SAMUEL B. KIRBY, Judge.

Judgment of dismissal; plaintiff appeals.—Affirmed.

Schools and School Districts—Change of Text-Books—Statutory Provisions—Construction.—Ky. St. 1903, section 2957, providing that text-books in public schools once 'adopted shall not be changed except after certain procedure by the school board, is solely for the benefit of the public, and confers no right upon publishers of discarded books who have no contract to furnish the books to the patrons of the school or school board to interfere to compel the board's compliance with the statute.

KOHN, BAIRD, SLOSS & KOHN for appellants.

POINTS AND AUTHORITIES.

1. Appellants' books were regularly adopted for use in the Louisville Schools.

The effort of the School Board to substitute other books for appellants' was in violation of the statute. Ky. Statutes, secs.

2949, 2951, 2957; City of Louisville v. Hyatt, 2 B. Mon. 177, 5 B. Mon. 199.)

2. Appellants have a right to supply their books to pupils of the public schools. The action of the Board violates that right, and injures appellants, who are therefore entitled to enjoin the Board from putting in force its threatened, unauthorized and illegal order, to appellants' injury. ( Johnson v. Ginn, 105 Ky. 655; American Book Co. v. McElroy, 25 Ky. Law Rep. 960; State v. School Directors, 24 Mo. 21; State v. The Board, 35 Ohio St. 368; State v. Haworth, 23 N. E. 946; Heath v. Johnson, 15 S. E. 980; High on Injunctions, 2 Vol., sec. 1310; 5 Pomeroy's Eq. Jur., sec. 322; Board v. McComb, 92 U. S. 531; Re Ayers, 123 U. S, 443; Underhill v. Murphy, 117 Ky. 640, at 645; American School of Magnetic Healing v. McAnnulty, 187 U. S. 95; Allgeyer v. Louisiana, 165 U. S. 578; Pratt Food Co. v. Bird, 112 N. W. 701; Wong Wai v. Williamson, 103 Fed. 1; Mutual Life of . New York v. Boyle, 82 Fed. 705; Mutual Life v. Prewitt, 32 Ky. Law Rep. 298-301; Nelson v. State Board of Health, 108 Ky. 769; Denny v. Bosworth, 113 Ky. 785; Young v. Beckham, 115 Ky. 247; Mason v. Byrley, 26 Ky. Law Rep. 487; People v. Board of Auditors, 4 N. W. 274; State v Farney, 54 N. W. 862; Citizens Gas Co. v. Louisville Gas Co., 81 Ky. 263.)

FORCHT & FIELD and WALLACE S. McKAY for appellee.

PROPOSITIONS AND AUTHORITIES.

A. Apellants acquired, through the previous adoption and use of their books, no such right as will allow their questioning in chancery the legality of the Louisville School Board's action in adopting new books.

(1) There is no mutuality or obligation between appellants and the Louisville School Board. (Ky. Stats. 2957; High on Injunctions 1109.)

(2) A right of action for breach of duty imposed by statute upon public officers accrues only to those for whose benefit the duty is imposed and who have an absolute right to and interest in its performance. (Civil Code, sec. 13; Com. v. Wright, 72 Ky. 22; Ex Parte Burnside, 86 Ky. 423; Com. v. Porter, 113 Ky. 575; Eakins v. Eakins, 14 Ky. Law Rep. 562; Haggard v. Com., 79 Ky. 366; Norman v. Boaz, 85 Ky. 557; 2 Dillon, Municipal Corporations, 915; Kerth v. Johnson, 109 Ky. 421; Roberts v. Louisville, 92 Ky. 97; Frantz v. Jacobs, 88 Ky. 525; 2 Spelling, Injunctions, &c. 1177; Maddox v. Graham, 2 Metc. 56; Catlettsburg v. Kinner, 13 Bush, 334; Register, &c. Co. v. Yeiser, 117

Ky. 1013; Lowe v. Phelps, 14 Bush, 642; People v. Walker, 9 Mich. 328; Brownell v. Supervisors, 49 Mich. 414; Thomas v. Hamilton, 101 Mich. 387; State v. Benton, 31 Neb. 44; People v. Fitzgerald, 128 N. Y. 620; Portland, &c. Co. v. Taylor, 17 R. I. 33; Territory v. Cole, 3 Dak. 301; State v. James, 14 Wash. 82; East, &c. Co. v. Donnelly, 93 N. Y. 557; Strong. v. Campbell, 11 Barb. 135; Colorado, &c. Co. v. Murphy, 78 Fed. 28; High,. Extraordinary Remedies, 92; Snyder v. Mitchell, 82 Pa. 343; Kelly v. Chicago, 62 Ill. 279; State Journal v. McGrath, 91 Mo. 386; Douglas v. Senior, 108 Pa. 559; Madison v. Baltimore, 76 Md. 395; Detroit v. Wayne, 128 Mich. 439; Indiana v. Haworth, 122 Ind. 462; Ivison v. Board, &c., 39 Fed. 735; Ross. v. Stockhouse, 119 Ind. 200; Effingham, &c. v. Hamilton, 68 Miss. 523; Philan v. Board, &c., 24 Wis. 683.)

B. By the phrase "Unanimous consent of the board," as used in section 2957, the Legislature meant the unanimous consent of those constituting the board as organized for business with a. quorum present. (Ky. Stats., 2949 to 2987, 448; L. & E. Mail Co. v. Barbour, 8 Ky. Law Rep. 436; ·Sutherland, Statutory Construction, 331; Broadwell v. People, 76 Ill. 554; Floyd v. Quin, 24 R. I. 147; Zeiler v. Cent. R. Co., 84 Md. 304; State v. Trustees, 20 Ohio St. 288; Harroun v. Brush El. St. Co., 152 N. Y. 212; Fowler v. Buffalo Furnace Co., 160 N. Y. 666; Warn v. N. Y. C. & H. R., 163 N. Y. 526; Warwick v. Lafayette, 4 La Arn., 419; Southwarth v. Palruysa, 2 Mich. 287; Green v. Waller, 32 Miss. 650; State v. McBride, 4 Mo. 303; Louisville v. Hyatt, 2 B. M. 199, 5 B. M. 201; Civil Code, 679.)

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

The Louisville School Board is a body corporate, charged by law with public education in the city of Louisville. The statute (section 2957, Ky. Stats., 1903), imposes these duties upon the board: "The board shall prescribe the branches of education to be taught, and the text-books to be used. Text-books once adopted shall not be changed, except by unanimous consent of the board, until notice of said proposed change shall be given and entered upon the records of the board one scholastic year, and then only

by the affirmative votes of not less than two-thirds of the members.  Schools may be opened as part of said school system to teach children of the ages of four, five, and six years by the kindergarten method.  Nothing contained in this section shall be construed as affecting in any way the present method of taking the school census or as increasing or reducing the pro rata of the school fund to be received from the State of Kentucky by the school board of the cities of the first-class nor to be construed as conflicting with or changing in any way sections 166 and 189 of the act for the government of the cities of the first-class, being now sections 2949 and 2974 of chapter 89 of the Kentucky Statutes."  In 1901 and 1903 the board had adopted, as part of the course of studies in certain of the public schools of Louisville, Scott & Chute's Elementary English Compositions and Carhart & Chute's High School Physics.  Those books are published by appellants, who are non-residents of Louisville.  In 1907 the board, not all the members being present, adopted a resolution changing the course of study in certain particulars in the public schools of Louisville, substituting for the two books named Lockwood & Emerson's Composition and Rhetoric, and Milliken & Gayle's First Course in Physics.  Those last named are not published by appellants.

The action was brought by appellants seeking an injunction against the school board and the superintendent of the schools of Louisville, restraining them from discontinuing the use of appellants' books, and from adopting the others in lieu of them, as well as to compel the appellees to continue the use of appellants' two books in the public schools of Louisville until they may be legally changed.  It was charged that the board

was powerless to make the change unless all its members concurred, or unless after one year's notice as many as ten of its members voted to change. A special demurrer was filed to the petition, on the ground that plaintiffs were without power to maintain the suit. The demurrer was sustained, and the injunction was denied, and, appellants having declined to plead further, their petition was dismissed.

Appellants have not a contract to furnish their books to patrons of the Louisville public schools. They are not bound to do so. Indeed, they may refuse to do so, or may cease to publish the books altogether without liability to the patrons of these schools or to the school board. The legislation which requires the establishment by public authority of a uniform system of education by adopting and maintaining, till deliberately changed by adequate public authority, such text-books as may have been selected in the public schools of the city, is a measure solely for the benefit of the public—the patrons of the schools. The publishers are not the subject at all of the legislative action. It was never intended by it to confer any right upon them, or to allow them to interfere in the matter in any way. If a patron of the school feels aggrieved at the action of the school board, the courts are open to hear his complaint, because his rights would be affected, and it was his rights and interest that formed the subject of legislation.

Appellants contend that the statute creates a status which they, engaged in the business of publishing and selling these school books, have the legal right to have the advantage of; that their right to prosecute their business in this locality is affected by the adverse illegal action of the school board, and, it being illegal, as they contend, and affecting their business, it in-

fringes their right, which they may have redressed in the courts. It may be conceded that appellants have the right to publish the books and to sell them to whomsoever they can. It may also be conceded that the action of the school board in this affair incidentally affects their business, in that it diminishes their sale of books. But their right is not one attaching to the conduct of the schools of Louisville, and has no legal connection with it. No more so than the clothier who sells the children wearing apparel, or the material men who sell supplies to build the school houses. The law requires the public schools to be conducted so many months each year. If they are not opened, it would follow that those who would be pupils need not supply themselves with books. Could appellant maintain mandamus against the school board to compel the schools to be conducted for the statutory period, in order that they might sell their books to the pupils? The law also is compulsory that all children between certain ages shall attend the public or some other school. If any number of the children of Louisville within the school age were not attending any school, would injunction lie against the children to compel them to attend, so that appellants might have a market for their books? All these are matters that legally concern the local public. Appellants have not such rights as entitle them to maintain this action. Strong v. Campbell, 11 Barb (N. Y.) 135; Colorado Paving Co. v. Murphy, 78 Fed. 28, 28 C. C. A. 631, 37 L. R. A. 630; State v. Haworth, 122 Ind. 462, 23 N. E. 946, 7 L. R. A. 240; Ivison v. Board of Commissioners (C. C.), 39 Fed. 735; Ross v. Stackhouse, 114 Ind. 200, 16 N. E. 501. Johnson v. Ginn, 105 Ky. 655, 49 S. W. 470, 20 Ky. Law Rep. 1475, and American Book Co: v. McElroy, 76 S. W. 850, 25 Ky. Law Rep.

560, cited by appellant, do not apply.   Ginn & Co. and the American Book Company were under contracts and bond with the State to supply the books on their lists on file with the State Board of Education, and the local communities had no option but to buy them after they had been selected by the county boards.   The relation of the parties was one based upon contract, and we held in the cases just cited that the rights of the booksellers, created by their contract, might be enforced.

Without deciding any of the other questions presented in briefs, it is ordered that the judgment of the circuit court sustaining the special demurrer to appellants' petition and dismissing the petition be affirmed.